JOEL T. JOHNSON, plaintiff in error, *vs.* JOHN H. LOVELACE, defendant in error.

1. Where the question at issue was, whether the conveyance of a tract of land by a father who was in insolvent circumstances, to his son, for an alleged consideration, was made for the purpose of hindering and delaying his creditors, the possession by the father after the alleged sale was a badge of fraud.

2. If the deed was made for the purpose aforesaid, and it was taken by the son knowing such intent, then it was void as to the creditors of the father.

3. The ability of the son to pay the purchase money for the land, before and at the time of the purchase, was a material circumstance for the consideration of the jury.

Debtor and creditor. Fraud. Evidence. Before Judge JAMES JOHNSON. Harris Superior Court. October Term, 1873.

For the facts of this case, see the decision.

JAMES M. MOBLEY, by brief; R. A. RUSSELL, by JAMES M. RUSSELL, for plaintiff in error.

INGRAM & CRAWFORD; E. H. WORRILL; L. L. STANFORD, for defendant.

WARNER, Chief Justice.

This was a claim case, on the trial of which the jury found the land levied on subject to the plaintiff's execution. The case comes before us on exceptions to the charge of the court to the jury, and to the admission of evidence at the trial over claimant's objection. There was no motion made for a new trial in the court below. It appears from the evidence in the record that Isaac Johnson, the defendant in execution, was in insolvent circumstances, unable to pay all his debts; that in May, 1866, he conveyed the land in controversy, by deed, to his son Joel T. Johnson, the claimant, for $5,000 00, which the claimant was to pay to the creditors of Isaac Johnson, as he directed and preferred, Isaac Johnson, the defendant in execution, remaining in possession of the property conveyed. It

Johnson *vs.* Lovelace.

also appears from the evidence in the record, that after the conveyance of the land to the claimant he said that his father had told him that Lovelace (whose execution was levied on the land) should not be paid anything on his debt because Lovelace had been the first to sue him.

1. The claimant insists that he purchased the land in good faith for the sum of $5,000 00, and that he has paid that amount to the creditors of his father as he agreed to do, and endeavored to establish the fact by his own evidence at the trial, which was not controverted, though there is one significant fact in the statement of the claimant in specifying the particular claims and the amount thereof which he had paid, and that is, whilst he was not bound to pay but $5,000 00 for the land, yet he did in fact pay $5,412 65 for it, $412 65 more than he agreed to pay.  Did he, in his anxiety to show that it was a fair, *bona fide* transaction between him and his father, over-act his part?  Did he over-do the matter in attempting to prove the payment of the $5,000 00?

2. The fact that the father remained in possession of the land after his conveyance of it to his son, was a badge of fraud.  The fact that the claimant said that his father had told him that Lovelace should not be paid anything on his debt, shows pretty clearly that it was his intention to delay and hinder the payment of the debt of that creditor, and that the claimant knew of that intention of his father.  The court charged the jury, in substance, that if the deed to Joel Johnson, the claimant, was made by Isaac Johnson to hinder and delay creditors, and it was taken by Joel Johnson, knowing that intent, then it was void as to the creditors of Isaac Johnson.  We find no errors in any portion of the charge of the court to the jury, in view of the evidence contained in the record, but think the questions involved were fairly submitted to the jury for their consideration by the charge of the court.

3. There was no error in allowing the claimant, who was a witness, to be asked what he was worth before the war, and at the time he bought the land, and what he was worth now.

His ability to pay the purchase money for the land before and at the time of the purchase, was a material circumstance for the consideration of the jury, and there was no legal objection to his stating what he was then worth, in view of the facts of the case.

Let the judgment of the court below be affirmed.