ARCHIBALD KISER, plaintiff in error, *vs.* E. W. MILLER, defendant in error.

1. Possession of land by a tenant of defendant in *fi. fa.*, is possession of the defendant, and proof thereof since judgment, casts the *onus* upon the claimant to show a better title thereto.

2. Whilst a judgment and eviction in ejectment by the defendant in *fi. fa.* against the possessor of the land, is no evidence against the claimant to show title thereto, neither the claimant, nor his ancestor, nor feoffor having been a party to such judgment, yet its admission to the jury merely to explain how the tenant came to hold under the defendant in *fi. fa.*, it being otherwise shown that she did so hold, is not objectionable.

3. In order that claimant should show a perfect equity in himself by showing such equity in some link of his chain of title, he must connect all the links in a claim case down to himself, and if one fail, the chain is broken. Even if all the links were perfect, the possession of land with bond for titles conditioned on the payment of a note received by the maker of the bond, and indorsed by the payee of the bond, would not constitute a perfect equity so as to recover of defendant in ejectment or claim, until the note was paid, even if the note were held by the maker of the bond until barred by the statute of limitations. If not paid until barred, it was the fault of the payee of the bond; having indorsed the note, it was his duty, as well as that of the maker, to pay it, and if he failed, he cannot charge *laches* upon the holder for not suing the maker until barred by the statute, he having given no notice to sue.

Landlord and Tenant.   Claim.   Evidence.   Before Judge CRAWFORD.   Marion Superior Court.   October Term, 1876.

Reported in the opinion.

B. B. HINTON & SON, for plaintiff in error.

BLANDFORD & GARRARD, for defendant.

JACKSON, Judge.

This was a claim case tried before the superior court of the county of Marion. E. W. Miller had an execution founded on a judgment against Adams, levied on a lot of land, which lot was claimed by Kiser. The jury found the land subject. No motion for a new trial was made, but the defendant excepted to certain rulings of the court below, and assigns error thereon.

The plaintiff in *fi. fa.* showed possession in the defendant, Adams, in 1863, but as his judgment was not obtained against Adams till 1874, it became necessary for him to show possession in defendant in *fi. fa.* since the judgment so as to change the burden of proof, and, *prima facie*, to condemn the land and make it subject. To that end the plaintiff introduced a judgment in ejectment in favor of Adams, the defendant in *fi. fa.*, against one Mrs. Waller,

the tenant of the land, and who, after the judgment in ejectment, attorned to Adams. The claimant objected to this evidence on the ground that he was no party thereto, and error is assigned upon its admission.

1. 2. As a mere inducement to show how Mrs. Waller held the possession—to show the mere circumstances under which she became the tenant of Adams—we do not see that its admission to the jury was harmful. It hurt nobody. It simply explained the circumstances under which Mrs. Waller held the land for the defendant in *fi. fa.* If the plaintiff had simply showed that she was a tenant of the defendant, it would have been enough; for her possession was then his, and this proof would have changed the *onus;* as this evidence simply explained *how* she became Adams' tenant, we cannot see that it harmed anybody.

3. The claimant then set up facts which he insisted amounted to a perfect equity to this land on his part. He set up a purchase of the land by him from one Watson, and a bond for titles from Watson, in 1865, but failed to show how Watson acquired title. If the link had been supplied, however, and he had showed the chain necessary to make his equity, it would have been a bond for titles from Adams to one Andrews, with payment by Andrews by the delivery of a promissory note to Adams, *indorsed by Andrews,* and which note an agent of Adams allowed to be barred by the statute of limitations, and possession at the time of levy. In other words, the precise point made is this: Does possession of land, with bond for titles to be made when a note is paid, give to the possessor a perfect equity so as to hold the land, when the party thus paying for the land with the note indorses the note himself? We think, clearly not. This court has held that a bond for titles, with possession and payment of purchase money, does give a perfect equity; but in this case the note was not paid, and the purchaser from whom the claimant claims that he derived title, and whose equity he invokes, had himself indorsed the note, and the bond was conditioned on the payment by the prin-

cipal or *the indorser.* Before this purchaser had any equity to transmit to Kiser, he had to pay this note. Why did he not pay it and sue the maker before the statute barred the note? It was as much his business to pay the note, as the maker's; and until it was paid, he had no title to the land, and could transmit none.

The error assigned is, that the court refused to charge that the claimant had a perfect equity upon these facts. We think that the court was right; first, because there is no evidence that the equity of Andrews, the holder of this bond for titles, was transmitted to Kiser, the claimant; and, secondly, because until Andrews paid the note he had indorsed, he had no equity to transmit.

Judgment affirmed.