BROWN *vs.* HOUSER.

Possession of land in the defendant in execution after the rendition of a judgment against him, casts the *onus* upon the claimant of showing a better title. A deed to the defendant in execution in trust for his wife, where he paid all the purchase money with his own property and where she paid nothing, is not a better title, because it is fraudulent and void as against this judgment creditor; and the claimant who holds a deed from the trustee and the wife is not protected, unless he be a *bona fide* purchaser for value without notice; and the question of notice is one, under the facts proven, for the jury, and the evidence in the record is sufficient to support their finding that he had notice.

BLECKLEY, Justice, dissented.

Claim. *Onus probandi.* Trusts. Title. Notice. Before Judge WRIGHT. Decatur Superior Court. May Term, 1878.

Reported in the opinion.

D. A. RUSSELL; O. G. GURLEY, for plaintiff in error, cited 8 *Ga.*, 258; 6 *Ib.*, 103; Code, §2640; 46 *Ga.*, 34.

No appearance for defendant.

JACKSON, Justice.

Houser levied upon a house and lot in Bainbridge which was claimed by Brown. The plaintiff showed possession in W. H. Allen, the defendant in *fi. fa.*, after the date of the

judgment, from May, 1872, to the fall of that year. The judgment bore date in 1871. The claimant then showed a deed to the defendant as trustee for his wife, executed about the time defendant went into possession, and a deed from the trustee and wife to himself in the July following. It appeared further from the evidence that the consideration of this deed to defendant as trustee for his wife, was a house and lot belonging to defendant in *fi. fa.* himself, which he exchanged with one O'Neal for this house and lot levied on, and the deed from defendant in *fi. fa.* to O'Neal, as well as the deed from O'Neal to the husband, trustee, were in evidence and bore date, the first on the 2d of May, 1872, and the other on the 6th of May, 1872. It also appears that the purchaser had heard about this swap of lots; he was charged with notice that the judgment was older than his deed, and was thus put upon inquiry ; and it further appears the attorney employed by him to draw the deed knew all about the transaction and drew the deed accordingly.

Under these facts the property was found subject, and a motion for a new trial was made on two grounds : first, that the verdict is against the law and the evidence, and without evidence ; and secondly, against the charge of the court.

The question is, was the verdict right, under the evidence ?

Ever since the act of 1821, Cobb's Digest, 533, possession of property by the defendant in *fi. fa.* at the date of the levy, whether real or personal, has been held to make a *prima facie* case to subject it to the plaintiff's judgment and to cast the *onus* upon the claimant. And it has been further repeatedly held that such possession, though not at the date of the levy, if proven to be in defendant after judgment, worked the same result, made a *prima facie* case, and cast the *onus* upon the claimant. See 6 *Ga.,* 410 ; 7 *Ga.,* 495 ; 26 *Ga.,* 283 ; 58 *Ga.,* 509.

In the case in 26 *Ga., Morgan vs. Sims & Nance,* possession for six or eight years before judgment and up to one

week of the term when the judgment was had, was held sufficient evidence to condemn the land and cast the *onus ;* and in the case in 58 *Ga., Kiser vs. Miller,* it was held that "possession of land by a tenant of defendant in *fi. fa.,* is possession of defendant, and proof thereof since judgment casts the *onus* upon the claimant to show a better title."

It follows that possession of this land in Allen, the defendant in *fi. fa.,* after the date of this judgment being proven, that fact made a *prima facie* case sufficient to condemn the land until overthrown. How is it sought to be overthrown? First, by showing that he went in under a deed to him as trustee for his wife; but the proof is that he deeded away to O'Neal his lot four days before he got O'Neal's deed to his wife, and it seems probable that O'Neal's deed to his wife was made after his possession. Be that as it may, that deed is attacked for fraud, and the proof is conclusive that the defendant's own money—his own property—paid for the lot, and that the deed must have been made to him in trust for his wife to defraud creditors, and especially this judgment creditor, and that it is therefore void. Code, §§2751, 3178, 1952. It can make no difference that the proper title was not first put in defendant and then went out of him into his wife. Fraud between husband and wife is easily fixed up, and the transaction will be closely scanned to detect it, and no such trick as the not putting the title first in him will avail, but that it is all right if it goes direct in her. If it be void for the fraud, of course it cannot rebut the *prima facie* case made, and the land is subject unless this purchaser is innocent and bought without notice, which is the only ground insisted upon by plaintiff in error. Is he an innocent purchaser?

He was charged with notice of this judgment, he had heard that the swap was made, the deeds were of record and subject to his examination, his attorney who was employed to draw the deed to him made inquiry about the condition of the title, and was obliged to make the inquiry

in order to draw it correctly, even if not employed to inquire into the title, which the jury might well have found from the circumstances of the case, though the claimant did swear that he was employed only to draw the papers.    These circumstances we hold to be ample to lead to the conclusion that he had notice, or was put upon inquiry at least so as to be affected with notice.    Therefore we think the court right in sustaining the verdict, and that it might well stand without conflict with the charge that a lawyer employed to draw a deed was not employed to look into the title.    That is a close distinction, but suppose it be right, there is still evidence which looks like he was employed to look into the title; and evidence enough of notice without invoking at all the notice to the counsel.

The only possible misgiving about the case arises from the suggestion of a member of the court that the property cannot be subjected at law for want of a legal title—a written title to it—as it is land.    But the cases in the 6th, 7th, 26th and 58th *Ga.*, cited above, show that under our claim laws, enacted as far back as 1821, mere possession of land at the date of the levy, or at any time since the judgment was rendered, makes a good *prima facie* title, and under it the land will be sold to make the creditor's money, unless such possessory title is overthrown by a better title.    It is impossible that a fraudulent title can be better than any sort of title, for the reason that it is absolutely void, especially against creditors.    That a void thing can displace and set aside a *prima facie* title, is to me incomprehensible.

Judgment affirmed.

WARNER, Chief Justice, concurred.

BLECKLEY, Justice, dissented.