## Heflin *v*. Kiser & Company.

There being no evidence touching the solvency or insolvency of the defendant in *fi. fa.* at the time he made the voluntary conveyance to his wife, or that the plaintiffs' debt was then in existence, the court erred in charging the jury that, if he was insolvent, the deed was void as against creditors whose debts were in existence at the time.        *Judgment reversed.*

February 3, 1892.

Charge of court. Evidence. Debtor and creditor. Before Judge Boynton. Henry superior court. April term, 1891.

An execution from a justice's court in favor of Kiser & Company against J. H. Colvin, founded upon a judgment of February 2, 1889, and bearing an entry of no personalty to be found, was levied upon a house and lot to which J. S. Heflin interposed a claim. The entry of levy recites that "J. H. Colvin is now in possession of same," and is dated June 8, 1889. At the trial appeared in evidence three deeds conveying the property : the first, from Arch Brown to J. H. Colvin in consideration of $145, dated November 14, 1888, and recorded November 26, 1888 ; the second, from J. H. Colvin to his wife, Deacy Colvin, in consideration of love and affection and $5.00, dated November 22, 1888, and recorded November 26, 1888 ; the third, from Deacy Colvin to J. S. Heflin in consideration of $200, dated December 28, 1888, and bearing no entry of record. The claimant also introduced a receipt from himself to J. H. Colvin for "$60 for rent of house and lot for the year 1890," dated January 1, 1891; and one of the claimant's attorneys testified that he borrowed this receipt from J. H. Colvin to use as evidence in this case, and that both the claimant and J. H. Colvin, together and in each other's presence, said it was for the rent of the house and lot in controversy for the year 1890.

The property was found subject, and the claimant's motion for a new trial was overruled. The grounds of the motion were that the verdict was contrary to law and evidence, and that the court erred in charging the jury thus : "If J. H. Colvin was insolvent and unable to pay his debts at the time when he made the deed conveying the property in dispute to his wife, then such conveyance would be void as against creditors of Colvin whose debts were in existence at the time. "

BRYAN & DICKEN and J. F. WALL, for plaintiff in error, cited 34 *Ga.* 337; 63 *Ga.* 650, 697; 65 *Ga.* 638; 67 *Ga.* 306, 316, 337, 466; 80 *Ga.* 399; Code, §1952.

PAYNE & TYE, *contra,* cited Code, §1952; 51 *Ga.* 18; 61 *Ga.* 629; 68 *Ga.* 567; 75 *Ga.* 533; 76 *Ga.* 699.