## ROUNTREE & COMPANY v. GAULDEN.

1. Proof of possession of the land levied on by the defendant in fi. fa. since the judgment casts the onus upon the claimant to prove his title.   This onus was successfully carried by the claimant, by proof of perfect title from the State to himself.
2. In a claim case, whether the possession of the defendant in fi. fa. be relied on simply to cast the burden of proof, or as a basis of prescriptive title in the defendant in fi. fa., the character of the possession is relevant to the issue.
3. An assignment of error upon the refusal of the court to allow a witness to answer a specified question propounded by the party calling him is not properly made, unless it states what evidence was thus sought to be elicited, and that the court was informed thereof at the time of the ruling.
4. A new trial will not be granted solely because of the exclusion of evidence which if it had been allowed could not have produced a different result.
5. The charge of the court covered the substantial issues in the case, and is not open to the criticism made upon it.

Argued May 25, — Decided June 17, 1905.

Levy and claim.   Before Judge Mitchell.   Brooks superior court.   January 6, 1905.

This was a claim case.   The issue arose upon the levy of a fi. fa., in favor of Rountree & Company against William Jones and

M. J. Jones, on a certain tract of land as the property of William Jones, and the interposition of a claim by S. S. Gaulden. The plaintiff introduced in evidence the fi. fa., dated June 13, 1891, which was issued on a judgment dated May 7, 1891, and proof that Jones died upon the land in controversy, having previously lived upon said land for 25 or 30 years. The fi. fa. had indorsed thereon the following entries: "Received from the defendants the cost on this execution, Oct. 1, 1891. J. D. Wade Jr., Clerk." " Georgia, Brooks County. No property on which to levy this fi. fa. June 4, 1898. A. J. Conoley, Sheriff." "Georgia, Brooks County. I have this day levied the within fi. fa. on the north half of lot 473 in the 12th district of Brooks County, Georgia, containing 204 1-2 acres, as the property of W. M. Jones, one of the defendants. This November 14, 1901, A. J. Conoley Sheriff." "Entered on general execution docket, June 13, 1891. J. D. Wade Jr., Clerk." "Entered on general execution docket, Oct. 2, 1900. J. D. Raysor, Clerk." The claimant, in support of his title, introduced the following documentary evidence: Grant from the State of Georgia to George Bailey; deed from George Bailey to A. G. Omler, dated June 21, 1824; power of attorney from A. C. Omler to P. E. Tebe, authorizing said attorney in fact to sell the premises in dispute; deed from A. C. Omler, by his attorney in fact, to Joseph E. Blantz, dated February 23, 1842; deed from Joseph E. Blantz to Abram Hunter, April 21, 1842; deed from Abram Hunter to Hardy E. Hunter, April 21, 1842; deed from Jesse E. Hunter, Georgia M. Coffee, Martha J. Jones, and W. E. Hunter to Hardy M. Hunter, dated December 31, 1900, the consideration of which was as follows: "the parties to this deed being the heirs at law of Hardy E. Hunter, deceased, and all of the full   age of twenty-one years, and the said parties of the first part [grantors] having received their distributive share of the estate of said deceased from the administrator of said estate, and the said party of the second part [grantee] not having been settled with, and a small portion of said estate remaining undisposed of, and the said parties of the first part desiring that said party of the second part should receive what is left of said estate as his portion of the same, as well as in consideration of the sum of ten dollars to them. in hand paid;" and deed from Hardy M. Hunter to claimant, January 11, 1901. All of these deeds and

the grant conveyed the premises in dispute. The claimant also introduced the interrogatories of Mrs. Martha J. Jones, who testified as follows: "I was married, in 1843, to Hardy E. Hunter, who died the latter part of 1855. My first husband and I lived in Brooks County. I was married the second time, to W. M. Jones, in 1856. My second husband and I lived in Brooks County, Georgia, on lot of land 473 in the 12th district of Brooks County. Not any one lived on this land before W. M. Jones and myself and my first husband. Never to my knowledge did W. M. Jones claim the north half of lot 473. Hardy E. Hunter claimed said lot before my marriage to W. M. Jones, and Hardy E. Hunter's estate after my marriage to W. M. Jones. W. M. F. Jones, my son, cultivated said land for the last ten years I lived on it." Being cross-examined, she said: "W. M. Jones lived and died upon the piece of land in controversy. W. M. Jones administered on the estate of my first husband, relieving me after my marriage to him. I had commenced to administer. I knew of his administration from the time it commenced. I think W. M. Jones, as administrator, sold most of the land belonging to said estate." S. S. Rountree, for the plaintiffs in fi. fa., testified, that he had known the land in controversy for twenty-five or thirty years, and that W. M. Jones had lived upon it during all of that time and was living there at the time of his death, which occurred in 1897; that he knew the heirs of Hardy Hunter, deceased, naming them (they were the persons named in the deed from Jesse E. Hunter et al. to Hardy M. Hunter, introduced by claimant, and Jimpsie Hunter, who died childless and without having ever married); that Jones sold the crops raised on the place up to about 1890, and that plaintiffs extended him credit prior to that time. The plaintiffs also introduced the following: A receipt dated in 1869 and signed by E. W. Hunter, son of Hardy Hunter, deceased, J. A. Hunter, and J. E. Hunter, as follows: "Received of W. M. Jones, administrator of Hardy Hunter, deceased, late of said county, $2,600.00 in full, entire, and complete satisfaction of all rights, claims, interest, property, or demand I now have or may have in and upon the estate, real or personal, of the said Hardy Hunter, deceased, my father; and the said W. M. Jones, administrator as aforesaid, is hereby fully and entirely discharged and acquitted of any further claim on my

part against said estate." A receipt of like tenor and effect, signed by Georgia M. Coffee, dated 187—. The jury found in favor of the claimant. The plaintiffs in fi. fa. made a motion for a new trial, which having been overruled, they excepted.

*W. H. Griffin* and *Felder & Rountree,* for plaintiffs.
*John G. McCall* and *Stanley S. Bennet,* contra.

EVANS, J. (After stating the facts.) 1. Upon the trial of a claim case the burden of proof is upon the plaintiff in execution in all cases where the property levied on is, at the time of such levy, not in possession of the defendant in execution. Civil Code, § 4624. Proof of possession of the land by the defendant in execution since the judgment casts the onus upon the claimant to prove his title. *Brown* v. *Houser,* 61 *Ga.* 629. When the plaintiff in execution introduced in evidence the execution, with the levy endorsed thereon, and proof that W. M. Jones was in possession of the land levied on since the judgment, the burden was on the claimant to show a better title. The claimant assumed this burden by showing a chain of title from the State to himself. The possession of the defendant, although for more than twenty years, was insufficient to establish a prescriptive title. His possession was joint with his wife, who was an heir of Hardy E. Hunter. The defendant was also the administrator of Hardy E. Hunter. Hence Jones's possession was shown to be not in his own right, but in the right of another. It also appears from the evidence that Hardy E. Hunter died in 1855, leaving as his heirs at law a widow and five children. One of the children, Jimpsie, died without having married. After his death the heirs of Hardy E. Hunter were five in number. In 1900 four of these heirs at law, who seem to have received their shares of the estate, as evidenced by their receipts to the administrator, conveyed their interest in the unadministered estate of their ancestor to their coheir, who had not received his distributive share. If the heirs who had received their shares of the estate had refused to quitclaim their interest in the unadministered estate of their ancestor to the heir who had not received his portion, the latter could have recovered the unadministered assets of his ancestor, or enough thereof to equalize him with the others, in an appropriate proceeding. By their conveyance the heirs who had

been settled with simply accorded to their coheir his right as a distributee in the estate which went into the hands of the administrator. In no event would the administrator have the right to claim any part of the unadministered assets of his intestate as his individual property simply because he had made a settlement with some of the heirs. The claimant's title was perfect, and the court might well have directed a verdict in his favor.

2. The following question was propounded to M. J. Jones, a witness for claimant, who testified by interrogatories, "State, if you know, whether or not W. M. Jones ever claimed the north half of lot of land 473 in the 12th district of Brooks county?" To which question the witness answered, "Never to my knowledge did he claim it." The plaintiffs filed their written objection to this interrogatory, on the ground that it was leading, illegal, incompetent, and irrelevant. The objection was overruled. This evidence was competent. If Jones's possession is relied on to change the onus, it is very pertinent to inquire into the character of the possession. If Jones's possession for twenty years is to form a basis for prescription, it is likewise relevant to ascertain whether his possession was in his own right or in that of another.

3. One complaint of the plaintiffs in the motion for new trial is that the court refused to allow a witness for the plaintiffs to answer a certain question. The answer which the witness would have made is not given. "An assignment of error upon the refusal of the court to allow a witness to answer a specified question propounded by the party calling him is not properly made, unless it states what evidence was thus sought to be elicited, and that the court was informed thereof at the time of the ruling." *Bigby* v. *Warnock*, 115 *Ga.* 386 (4).

4. Plaintiff tendered a mortgage, made by W. M. Jones and M. J. Jones to A. J. Rountree, dated April 24, 1874, upon 28 1-2 acres of the land levied upon. The court excluded the mortgage. Even if the evidence was admissible to prove the defendant's adverse possession of a portion of the land involved, it could not have authorized a different result, as it was undisputed that at the time the mortgage was executed the property belonged to the estate of Hardy E. Hunter, and that Jones origi-

nally went in possession as administrator of Hunter, and had never notified the heirs of Hunter of his adverse claim.

5. The charge of the court covered the substantial issues of the case, and was not open to the criticism made upon it.    The verdict was demanded by the evidence, and the denial of a new trial was proper.

*Judgment affirmed.    All the Justices concur, except Simmons, C. J., absent.*