Jackson, adm'r, v. City Council of Buena Vista.

There was evidence on which to submit the case to the jury, and the court erred in granting a nonsuit.    *Judgment reversed.*
March 5, 1892.

Damages. Municipal corporations. Nonsuit. Before Judge Martin. Marion superior court. April term, 1891.

Action against the City Council of Buena Vista for damages sustained by the falling of the plaintiff's horse into a railroad cut which defendant had allowed to be made across a public street, and which had, with the knowledge of defendant, remained open without a bridge or road excavation being built or made over or at the cut, and without a guard-rail or other thing for the protection of the public. The plaintiff was nonsuited. The evidence showed: In July, 1890, one Wiggins hired plaintiff's horse, and drove him across the public square to a barber-shop. While there the horse took fright and ran down Broad street until he came to the intersection of Broad and Baker, then turned up Baker street. In the meantime Wiggins had jumped or fallen out of the buggy. The horse ran up Baker street until he reached the railroad cut where he fell in exactly at a point where the buggy and wagon-tracks were in Baker street, and where the road had been before the cut was made. The night was dark, but the horse could see well. If a bridge had been made across the cut or a crossing fixed, or if guard-rails had been put up, the horse would not have fallen in. The railroad-cut was twenty-eight or thirty feet deep and thirty or thirty-five feet wide, and the sides nearly if not quite perpendicular. Baker street is a public street or road running through Buena Vista. The point where the horse fell in is near the public square and within the corporate

limits.   The railroad-cut was made directly across Baker street in the construction of the railroad, with the permission of defendant, in the fall of 1889, and was finished by January 1, 1890, since which time it has stood open without a crossing or bridge or obstruction of any kind being placed in the street to keep stock or persons from running into it.   The city council had full knowledge of this fact.   The street has never been abandoned, and the city council has recently expended $400 in improving and working it.   The horse fell in at a point directly in the center of the street and where wagons and buggies have crossed and would cross were there a bridge across the cut; the horse never deviated from the center of the street at all.   There is no dirt or anything else in Baker street to protect the public against the cut. The horse belonged to plaintiff, and was worth at the lowest estimate $100.   It was young, previously worked to wagons and buggies, and was gentle so far as plaintiff knew.—It was agreed that the liability and duty of the defendant were fixed by Acts 1888, p. 206, and Code, §786.

Morgan McMichael, by C. J. Thornton, for plaintiff, cited 71 *Ga.* 258; 74 *Ga.* 774; 2 Dill. Mun. Corp. (2d ed.) §796.

Miller & Munro, by M. H. Blandford, for defendant.