BRYAN v. THE MAYOR AND COUNCIL OF MACON.

The declaration sets forth a cause of action, the allegations being, in substance, that in August, 1891, plaintiff was driving a mule hitched to a buggy in a street of the city of Macon; his mule becoming frightened he jumped from the buggy, and while his attention was thus directed to his mule, plaintiff, without fault on his part fell into a hole, the mouth of a sewer in said street; the sewer was unprotected and in a dangerous condition and had been so for ten days, and its condition was known to the city, to whose negligence it was due; that in consequence of such fall he was greatly injured, suffered from concussion of the spine, was unconscious for twenty-four hours after the injury, suffered great pain which still continues, and is now totally unfitted for business; has become liable for one hundred dollars for medical attention; at the time of the injury he was forty-six years of age, and was earning two hundred dollars per month; to his damage fifteen thousand dollars, etc.

April 17, 1893. Argued at the last term.

Before Judge Ross. City court of Macon. March term, 1892.

HARDEMAN & NOTTINGHAM, for plaintiff.

R. W. PATTERSON, for defendant.

BLECKLEY, Chief Justice.

The court erred in dismissing the action on general demurrer to the declaration. Taking the facts, as alleged, to be true, the plaintiff sustained a serious personal injury, while free from fault on his part, by falling into the unprotected mouth of a sewer which opened into one of the public streets of the city, along which he was passing. The dangerous condition of the mouth of the sewer was caused by the negligence of the defendant, was known to it, and had existed for ten days. The declaration explains how the plaintiff came to be near the mouth of the sewer and why he did not see it, but fell into it unawares. He was driving along the street, his mule became frightened, he leaped from the buggy, and, while his attention was directed to the

frightened mule, he fell into the mouth of the sewer. It is not alleged precisely how the sewer was connected with the street relatively to the position of the opening, but it is alleged that the danger it occasioned was due to the defendant's negligence. Can the defendant admit that the plaintiff was injured, that he was without fault, that the city was negligent, and that a dangerous hole left open by its negligence was the one into which he fell, and yet avoid liability? Clearly not. The declaration may be defective in form by reason of not setting out with more particularity and distinctness the position of the hole, whether at the edge of the street, or how far inside, etc., etc.; but it is good in substance, and to withstand a general demurrer nothing more is requisite.

*Judgment reversed.*