2874, 2875.  BARRETT *v.* MAYOR AND ALDERMEN OF
SAVANNAH, and *vice versa.*

To make a municipality liable for an injury caused by a defect in a high-
way, the defect need not have been the sole cause of the injury; but if,
besides the defect, there was another cause, not attributable to the negli-
gence of the injured person, and which contributed directly but con-
currently to causing the injury, the corporation might still be liable,
provided the injury would not have been sustained but for the defect in
the highway.  In such case the concurrent acts of negligence of both
wrong-doers, and not the separate act of either one, would constitute
the proximate cause of the injury.

DECIDED SEPTEMBER 11, 1911.

Action for damages; from city court of Savannah—Judge Davis
Freeman.  August 5, 1910.

*Twiggs & Gazan,* for plaintiff.

*Samuel B. Adams,* for defendants.

HILL, C. J.  The plaintiff was driving a horse attached to a
buggy, on Estill avenue, a public street or highway in the corporate
limits of the city of Savannah.  This street was in process of be-
ing widened, under a contract made with the city and in pursuance
of specifications furnished by the city.  The widening of the street,
and the location of the new grade lines caused thereby, placed the
sidewalks about two feet lower than the old roadway of the street.
Accordingly, excavations were made on the north side of the street,
two feet lower than the traveled surface of the highway and extend-
ing the entire length of blocks.  The excavation was eight feet wide
and was made into the roadway proper. · There was no barrier,
guard-rail, or other fencing or protection about it.  It was open,
and the descent from the roadway to·the bottom of the excavation
was precipitous, and on the bottom an artificial-stone walk was laid.
In the afternoon of July 10, 1909, the plaintiff was driving her
horse and buggy along this avenue, on the north or right side, which
was the proper side for her to take and which was the side nearest
and next to the excavation, and, while she was still on the avenue,
an automobile approached from the opposite direction, and, because
of the narrowed condition of the street, appeared to be headed
directly for the horse and buggy.  The automobile was going at a
rapid rate of speed, probably faster than that allowed by the city
ordinance on the subject, and passed within about three feet of
the horse, but did not strike either the horse or the buggy.  As

the automobile neared the horse, he shied and backed the buggy into the excavation, precipitating the plaintiff therein, thus causing her severe injuries. The horse did not become otherwise frightened or attempt to run away, or become uncontrollable. The plaintiff brought suit against the city, setting forth the foregoing facts, alleging negligence on the part of the city in not having the excavation properly protected by guard-rails or other means of protection, and insisting that this negligence was the proximate cause of her injuries. The city filed a general demurrer, insisting that, under the allegations of the petition, the unguarded excavation was not negligence, and, besides, that it was not the proximate cause of the injuries, but that the proximate cause of the injuries was the negligence of the driver of the automobile in running at a too-high rate of speed, and that but for this negligence the injuries would not have resulted. The court overruled the demurrer, and to this ruling the defendant excepts in its cross-bill of exceptions. On the trial of the case the jury found a verdict in favor of the city. The plaintiff's motion for a new trial, based on numerous grounds, was overruled, and she excepted.

The numerous questions raised have been most elaborately and ably argued by counsel for both parties, and exhaustive briefs have been filed. We do not deem it necessary to consider the many questions therein discussed, or to enter into a dissertation on the subject of proximate cause. This subject has been so repeatedly and exhaustively discussed by both text-writers and judges that we do not think that we could make any illuminating addition to the subject.

After giving the case a most thorough and painstaking investigation, we have decided that the plaintiff is entitled to another trial. Even conceding that she would not have been hurt but for the fright of the horse, and that the rapidly approaching automobile was responsible for that fright, yet she could still recover from the city if her injuries would not have been sustained but for the presence of the unguarded excavation. We think that under the evidence it is clearly issuable whether or not her injuries would have been caused by the running and the approach of the automobile and the frightening of the horse, even if the city had properly guarded or protected the excavation. The principle of law is well settled that where two concurrent causes operate in causing an injury, there can

be a recovery against both or either one of the parties responsible for these two concurrent causes. To make the principle applicable to the facts of this case: although the jury may have believed that the approaching automobile caused the horse to become frightened, yet the plaintiff was nevertheless entitled to recover, if the jury further believed that the injury would not have occurred as a consequence of such fright and the backing of the buggy if the excavation had been protected or guarded in such manner as to prevent the buggy from being backed into it and the plaintiff thrown therefrom. The rule was first stated in the case of *Wilson* v. *Atlanta,* 60 *Ga.* 474, that where other causes concur with municipal negligence to produce the injury, the corporation is liable for all damages which its culpable negligence contributed substantially and proximately to cause; as where one, while observing due care for his personal safety, is injured by the combined result of an accident and the negligence of the municipal corporation in respect to a defect or obstruction, and without such negligence the injury would not have occurred; and the fact that the injury may have been increased by other concurring causes would not excuse the municipal negligence without which the injury would not have happened. 28 Cyc. 1408, 1412; 2 Smith's Modern Law of Municipal Corporations, § 1296; Tiedeman on Municipal Corporations, § 351; Williams on Municipal Liability for Tort, 168; 2 Dillon on Municipal Corporations (4th ed.), 1259; Elliott on Roads and Streets (ed. 1890), 451, 452; 5 Thompson's Commentaries on Negligence, 538, 539. In the *Wilson* case, supra, the plaintiff was riding in a buggy on a street in the city of Atlanta, near a point where there was an unguarded embankment, and the horse became frightened by the blowing of a whistle of a near-by factory and ran over the embankment, overturning the buggy and injuring the plaintiff; and the principle of liability for concurrent negligence was fully discussed and settled by the decision of the Supreme Court rendered in that case, where it was held that the city was liable because the unguarded embankment, whether the proximate cause of the injury or not, was certainly a concurring cause with the frightening of the horse caused by the blowing of the whistle of the factory in causing the injury. There are many other decisions by the Supreme Court of this State reaffirming the principle announced in the *Wilson* case. See *Trippe* v. *Atlanta,* 68 *Ga.* 834; *Jackson* v.

*Buena Vista,* 88 *Ga.* 466 (14 S. E. 867); *Bryan* v. *Macon,* 91 *Ga.* 530 (18 S. E. 351); *Georgia Railroad Co.* v. *Mayo,* 92 *Ga.* 224 (17 S. E. 1000); *L. & N. Railroad Co.* v. *Barnwell,* 131 *Ga.* 791 (63 S. E. 501). See also the case of *Harrell* v. *Macon,* 1 *Ga. App.* 413 (58 S. E. 124). The overwhelming weight of authority in this country is in line with the rule announced in the *Wilson* case, supra, to wit, that, to make the municipality liable for an injury caused by a defect in a highway, the defect need not have been the sole cause of the injury, but that if, besides such defect, there was another cause, not attributable to the negligence of the injured person, and which contributed directly to the result, the corporation might still be liable, provided the injury would not have been sustained but for the defect in the highway.

Some of the cases cited by the learned and indefatigable counsel for the plaintiff are so apt and so strongly illustrate and strengthen the view which we now present that we will quote from some of them: "Where one upon a highway is forced off to the side of the traveled way by a rapidly approaching vehicle, and is injured by falling into an opening upon the side of the traveled way, the negligence, if found, in leaving the opening unguarded, was the proximate cause of the injury." Neidhardt *v.* Minneapolis, 112 Minn. 149 (127 N. W. 484). In that case the plaintiff, with some companions, was walking at night upon the driveway, and, when upon or near a culvert an automobile, coming in the opposite direction at a high rate of speed, swerved directly towards them. To avoid the machine he stepped off towards the north and fell into an open drain at the edge of the culvert. A recovery against the city was sustained. "A city is liable for injury resulting from a defect in the street, negligently allowed to exist, though another cause, such as the fright of plaintiff's horse from a street-car, may have concurred with such negligence in causing the injury." Townsend *v.* City of Joplin, 139 Mo. App. 394 (123 S. W. 474). And see *City of Rome* v. *Davis,* ante, 62 (70 S. E. 594).

The learned trial judge, in his charge, strongly and repeatedly instructed the jury that the negligence upon which a recovery could be predicated must be the chief, preponderating, and proximate cause of the injury. He nowhere presented the doctrine of concurrent negligence as applicable to the facts of the case, but seemed to emphasize the view that there could not be a recovery against the

city unless, under the evidence, the jury believed that the unguarded excavation was the sole cause of the plaintiff's injury. If the driver of the automobile in the present case saw the dangerous situation of the plaintiff in relation to the unguarded excavation, and nevertheless, by a violation of the speed ordinance of the city of Savannah, or by any other conduct not wilful or so wanton as to be constructively wilful, caused the horse to become frightened and to back into the excavation, and if the injury would not have happened but for such conduct on the part of the automobile driver, while such conduct might make the driver of the automobile liable as well as the city, yet it would not relieve the city from liability to an innocent person, provided that it was negligent to leave the excavation unguarded, and that this negligence was a concurrent cause of the injury. The concurrent acts of negligence of both wrong-doers would constitute the proximate cause of the injury. We think this doctrine of concurrent negligence was presented by the evidence in this case, and that the learned trial judge erred in refusing to charge in substance this rule in compliance with a written request.

*Judgment reversed on the main bill of exceptions, and affirmed on the cross-bill.*