## SEDLMEYR *v.* CITY OF FITZGERALD.

No errors of law committed pending the trial are complained of; and the evidence authorized the verdict.

MAY 9, 1916.

Action for damages. Before Judge George. Ben Hill superior court. April 28, 1915.

*Max Isaac,* for plaintiff.

*Elkins & Koplin* and *Wall & Grantham,* for defendant.

BECK, J. The following is a summary of the material allegations in the petition of the plaintiff, as set forth in the statement of facts made when the case was here before. Petitioner brings suit against the City of Fitzgerald to recover damages on account of the homicide of her 16-year old unmarried son, upon whom she was dependent and who contributed substantially to her support. The defendant owned and operated an electric-light system, and maintained certain electric wires stretched on poles along a designated alley, twenty feet and four inches above and parallel with the ground, which wires on a designated day were heavily charged with electricity. J. J. Terry owned a house, twenty feet high, which he decided to remove to a new location, and in order to do so it was necessary to cross the alley at a designated place. He obtained permission from the defendant through its mayor, "who was authorized to grant such permission," to move the house across the alley to the new location. Plaintiff's son was employed by Terry's contractor, as a common laborer, to assist in moving the house. In moving the house across the alley the chimney came in contact with the wires, and it became necessary to lift them over the chimney. The contractor furnished plaintiff's son with a wooden stick about three feet long, and directed him to go upon the house and lift the wires above the chimney. He proceeded to execute the command, and touched the wires with the stick, releasing them, whereupon they rebounded and came in contact with him, and an electric current passed through his body, killing him

11

instantly. The wires, at the place of the catastrophe, were not insulated at all, the insulation having rotted or worn off, and having been permitted to exist in such condition for a sufficient length of time to bring notice home to the city of the defective condition. They had been permitted to remain with the same insulation from the time they were insulated in 1899 until 1909, without any inspection or repairs. If the wires had been properly insulated, the injury could not have occurred. Ordinary inspection by the city would have disclosed the defective insulation of the wires. The dangerous condition of the wires left without insulation was the proximate cause of the injury. Plaintiff's son was inexperienced and unacquainted with the dangers incident to electricity, and of coming in contact with wires of an electric plant, and could not by the exercise of ordinary care have known that it was dangerous for him to touch the wires with a wooden stick, when the defendant's wires were in the condition in which they were afterwards ascertained to be.

It was held that the petition set forth a cause of action and was not subject to a general demurrer. *Sedlmeyr* v. *Fitzgerald,* 140 *Ga.* 614 (79 S. E. 469). When the case was tried the last time the jury returned a verdict in favor of the defendant. The plaintiff made a motion for a new trial, which was overruled. The motion for a new trial contains the general grounds only, complaining that the verdict was contrary to law and was without evidence to support it. We are of the opinion that the verdict is not without evidence to support it. In the petition, which was held to be good as against a general demurrer when the case was formerly here, one of the allegations, and a very material one, was that the owner of a house that was being moved across an alley in the City of Fitzgerald had obtained permission from the city through its mayor, "who was authorized to grant such permission," to move the house across the alley to a new location. On the trial of the case the plaintiff failed to show that the owner had obtained permission from the municipal authorities having control of the streets to move the house across the alley, which would, of course, temporarily obstruct the way. There was some evidence tending to show that the mayor had given permission for the moving of the building across the alley, but there was no evidence to show that the municipality, through its proper authorities, had

authorized the mayor to grant such permission; and without the grant of such authority by the mayor and council of the city, the mayor alone could not grant the right to obstruct a street or alley in the city by moving a house across it, as was done in this case. The charter of the City of Fitzgerald provides that "the mayor and council of said city shall have full and complete control of the streets, sidewalks, . . in said city. . . The mayor and council shall have full power and authority to remove or cause to be removed any buildings, steps, awnings, or other obstruction or nuisances upon the public streets, alleys, sidewalks, or other public places in said city, and to enforce the provisions of this section by appropriate ordinance." Without authority granted by the mayor and council, the owner of the building which was being moved across the alley was without license to use the alley in any such manner, and the city authorities were not bound to anticipate that such a structure as a house would be moved over the street in such a way as to bring any one on top of the house in contact with the wires; and they owed to a person sitting or standing upon top of the house, while it was being moved without authority across the alley, no higher degree of diligence than that due a trespasser upon the premises of another,—that is, the exercise of reasonable care and diligence to prevent injuring him after his presence in a place of danger became known.

*Judgment affirmed. All the Justices concur.*