### 9107.   BONNER *v.* STANDARD OIL COMPANY *et al.*

The petition as finally amended set forth a cause of action against the Standard Oil Company and C. Byron Ivey, but not against the City of Milledgeville; and the trial court therefore erred in sustaining a general demurrer as to the two defendants first named.

DECIDED JULY 30, 1918.

   Action for damages; from Baldwin superior court—Judge Park. July 12, 1917.

*Allen & Pottle,* for plaintiff.

*King & Spalding, Sibley & Sibley, Livingston Kenan,* for defendants.

LUKE, J.  C. H. Bonner filed suit against the Standard Oil Company, C. Byron Ivey, and the Mayor and Aldermen of the City of Milledgeville, as joint tort-feasors.  The petition alleged substantially the following facts:  That the Standard Oil Company, by and with the knowledge of the mayor and aldermen of the City of Milledgeville, conducted, at the corner of Hancock and Wilkerson streets, one of the most frequented and used points in the city, a business of selling certain oils, and on the day of the injury (as well as several days prior thereto) was engaged in advertising its oils through its agents, C. Byron Ivey and L. W. LeBland; that "a part of their scheme of advertising was cleaning out the oil in the engines and motors of automobiles, for the purpose of refilling said crank-case of said automobiles with their brand of oil," and that one Satterfield, the owner of an automobile, delivered his car to the said Standard Oil Company's agents, at their place of business, for the purpose of having the oil and secretions in the crank-case of his machine cleaned out and refilled with the special brand of oil that the said company was advertising; that in cleaning the motor of Satterfield's car of oil and sediment, kerosene was used instead of gasoline, and the crank-case was filled with kerosene, and the engine started; that the combustion of the kerosene caused a large volume of smoke to be emitted from the exhaust tube of said car, filling a space in rear of the machine from 30 to 40 feet in length and 10 to 15 feet in width and height; that this cloud of heavy, dense smoke was so thick that any person in the midst thereof was utterly unable to see any object for the distance referred to; that on the day of the injury, the petitioner was walking up Hancock street on his way to the post office, and that "just as he was passing in the rear of said car and during the running of said car in the manner as hereinbefore alleged, there was all at once a great volume of smoke, emitted from said car, that completely enveloped the said Bonner, and to such an extent that he could not see his hand before him, and just at this moment one Jack Edwards, who was driving an automobile, was coming up Wilkerson street, which street intersects with Hancock street at this particular point, and he too and his machine were enveloped

by the same cloud of smoke, at which time the said machine collided with Bonner, and the said Bonner was knocked down and violently thrown upon the paved streets," with such force as to render him totally unconscious for several hours, and inflicted severe injuries upon him. It was alleged distinctly that Edwards, at the time of the collision was driving his car slowly (at a rate of speed not exceeding 6 miles per hour) and exercising all due diligence. The petition as finally amended alleged that "said obstruction in the street of the city of Milledgeville hereinbefore set out was maintained by said Standard Oil Company for four or five days prior to plaintiff's injury, for so long a time that notice of its existence is and should be conclusively presumed on the part of said city." Petitioner further alleged, that John H. Lawrence, chief of police for said city, had full notice and knowledge of the existence and maintenance of said nuisance and obstruction, and that it was his duty to see that the streets of said city were kept free of obstructions. Specific allegations of negligence were made as to each defendant. The defendants filed a general demurrer on the following grounds: "(1) The allegations of the petition showed that the negligence alleged against the several defendants was not the proximate cause of the plaintiff's injury. (2) That under the allegations of the petition the direct, immediate, controlling and predominating cause of the injury was the collision between the plaintiff and an automobile being driven by one Jack Edwards, in the operation of which automobile none of the defendants are charged with participation or knowledge. (3) That the allegations of the petition showed that the injuries received by the plaintiff were not the natural or probable consequences of any of the alleged acts of negligence charged against the defendants, or any of them, but that the proximate cause of the injury was the act of Edwards, who drove the automobile, intervening between the injury and said several alleged acts of negligence charged against the defendants." Upon hearing the petition on general demurrer, the trial court entered the following judgment: "The within general demurrer is hereby sustained and the within case is hereby dismissed with costs against the plaintiff." To this judgment the plaintiff excepts.

The judgment of the court below, sustaining the general demurrer, is based on the ground that the petition showed on its face

that the alleged negligent acts of defendants were not the proximate cause of the injury. Whether or not the judge was right in so ruling is the controlling question for adjudication by this court. After giving the case (which is a novel one on its facts) a most thorough and painstaking investigation, we have reached the conclusion that the plaintiff is entitled to a reversal. As we view the allegations of the petition, there were two causes contributing to the plaintiff's injury,— (1) the great volume of smoke, emitted from the rear of the car that the Standard Oil Company was demonstrating with, which enveloped the plaintiff, and (2) the automobile driven by Edwards. These two causes were concurrent, and the principle of law is well settled that where two concurrent causes operate in causing an injury, there can be a recovery against both or either one of the parties responsible for the concurrent causes. *Barrett* v. *Savannah,* 9 *Ga. App.* 642, 643 (72 S. E. 49). Attention is also directed in this connection to the cases of *Wilson* v. *Atlanta,* 60 *Ga.* 474; *Trippe* v. *Atlanta,* 68 *Ga.* 834; *Jackson* v. *Buena Vista,* 88 *Ga.* 466 (14 S. E. 867); *Bryan* v. *Macon,* 91 *Ga.* 530 (18 S. E. 351); *L. & N. R. Co.* v. *Barnwell,* 131 *Ga.* 791 (63 S. E. 501); *Harrell* v. *Macon,* 1 *Ga. App.* 413 (58 S. E. 124). Even conceding that the plaintiff would not have been hurt but for the intervention of the car driven by Edwards, yet he might still be entitled to recover if his injuries would not have been sustained but for the presence of the large, dense, cloud of smoke. It was, therefore, clearly issuable whether or not the concurrent acts of both Edwards and the Standard Oil Company, or the separate acts of either one, were the proximate cause of the collision, and the court erred in holding, as a matter of law, that the injury complained of was not the natural or proximate result of the defendant's conduct or negligence, but resulted through an intervening agency (the car driven by Edwards), not invoked or brought into play by the defendants. In other words, the court should have left it to a jury to say what was the proximate cause of the plaintiff's injury. "Questions of negligence are for the jury alone, and the determination of the proximate cause is involved and essential to the ascertainment of what negligence, as well as whose negligence, the injury is properly to be attributed to. A court can no more determine upon an issue as to what particular act or circumstance was the proximate cause of an alleged injury than it can

determine that the same particular act was an act of negligence; for the jury might determine that the act which the court held was the proximate cause was not negligence, while they might be of the opinion that an act adjudged not to be the proximate cause of the injury was negligence." *White* v. *Seaboard Air-Line Ry.*, 14 *Ga. App.* 139 (1 *b*) (80 S. E. 667). The question of proximate cause is a very much involved and discussed subject, so much so that no inflexible rule can be laid down, and consequently each case depends for solution upon its own peculiar facts. It would, therefore, serve no good purpose to continue our opinion on this line by quoting from various and numerous cases involving the doctrine of proximate cause and narrating at length the facts upon which the decision of each is based. It may not, however, be amiss to direct attention to the following cases which have aided us no little in reaching a conclusion in the instant case: *Southern Ry. Co.* v. *Webb*, 116 *Ga.* 152 (42 S. E. 395, 59 L. R. A. 109); *Christo* v. *Macon Gas Co.*, 18 *Ga. App.* 454 (89 S. E. 532); *Payne* v. *Rome Coca-Cola Bottling Co.*, 10 *Ga. App.* 762 (73 S. E. 1087); *Valdosta Street Ry. Co.* v. *Fenn*, 11 *Ga. App.* 586 (75 S. E. 984); *Atlantic Coast Line R. Co.* v. *Barton*, 14 *Ga. App.* 160 (80 S. E. 530); *Sparta Oil Mill* v. *Russell*, 6 *Ga. App.* 293; *Sedlmeyr* v. *Fitzgerald*, 145 *Ga.* 161 (88 S. E. 923); *Mayor &c. of Unadilla* v. *Felder*, 145 *Ga.* 440 (89 S. E. 423). The case most strongly relied upon by counsel for defendants in error is that of *Shaw* v. *Macon*, 6 *Ga. App.* 306 (64 S. E. 1102). That case and the case at bar are somewhat akin on facts, but not so much so as to cause a conflict with anything herein ruled. In the *Shaw* case the defendant permitted one Small to block up a small part of a street in the City of Macon by wagons and cotton bales, leaving only a narrow driveway for travel, barely sufficient for two ordinary vehicles to pass on the street. The plaintiff, who was riding a bicycle, was endeavoring to pass through this narrow space, when he observed one Guerry driving a horse hitched to a buggy and coming from the opposite direction; he immediately stopped his wheel and, in an effort to get out of the way, drew himself close up against the cotton, but, before he could climb to the top of the cotton, the horse and buggy reached him and the small end of the buggy shafts struck his right arm, causing injury for which he sued. The Supreme Court sustained a demurrer to the peti-

tion in that case, on the ground that the negligence charged against the defendants was not the main, controlling, predominating cause of his injury. The all-controlling distinction between that case and the instant case is that in the *Shaw* case the injury was caused by the act of a third person. *in full possession of his faculties* and entirely capable of intelligent action; whereas in the case at bar the smoke, which enveloped Edwards and the car he was driving, deprived him of his faculty of sight for the time being, and rendered him incapable of any intelligent act whatever.

What is hereinbefore said applies to the Standard Oil Company and C. Byron Ivey only, as we are of the opinion that the petition does not set forth a cause of action against the City of Milledgeville. The judgment of the lower court is therefore reversed as to the defendants Standard Oil Company and C. Byron Ivey, and affirmed as to the defendant City of Milledgeville.

*Judgment reversed in part, and affirmed in part. Wade, C. J., and Jenkins, J., concur.*