### 10342. GEORGIA RAILWAY AND POWER COMPANY v. RYAN et al.
### 10344. SOUTHERN WOOD PRESERVING COMPANY v. RYAN et al.

JENKINS, P. J. This was an action by a passenger on a street-railway against two alleged joint tort-feasors. Petitioner shows that one of the defendants, the street-railway company, had, in order to permit her to alight, brought its car to a stop, not at the near side of the street intersection as required by the city ordinance, but had negligently carried its car a considerable stated distance over and beyond such designated place for stopping, and, in thus continuing the progress of the car beyond the point legally designated for stopping it, had negligently approached within a dangerously close distance to the rear end of a wagon, to which was hitched a nervous and balking horse. It is alleged that the other defendant, the owner of the wagon, gave to the horse a violent jerk at the time the car was coming to a stop, thus

causing the horse to back and the load of the wagon to be projected into the door on the front end of the street-car; all of which joint acts of negligence it is alleged resulted in serious bodily injury to the plaintiff, who was then preparing to alight from the car. The defendant street-railway company excepts to the overruling of its demurrer, which sought to dismiss the petition on the ground that the alleged acts of negligence on its part were not the proximate cause of the injury. A verdict having been rendered against the defendants jointly, each made a motion for a new trial on the general grounds, and exceptions were taken to the overruling of the motions. *Held:*

1. No general yet precise and inflexible rule can be laid down with reference to the highly involved and much-discussed subject as to what constitutes the proximate cause of an injury. Consequently each case must depend for solution upon its own particular facts; but it is a well-settled principle of law that where two concurrent causes operate directly in bringing about an injury, there can be a recovery against either one or both of the responsible parties. The mere fact that the injury would not have been sustained had only one of the acts of negligence occurred will not of itself operate to define and limit the other act as constituting the proximate cause, for if both acts of negligence contributed directly and concurrently in bringing about the injury, they together will constitute the proximate cause. *Barrett* v. *Savannah,* 9 *Ga. App.* 642 (72 S. E. 49); *Bonner* v. *Standard Oil Co.,* 22 *Ga. App.* 532 (96 S. E. 573), and cases cited. The determination of questions as to negligence lies peculiarly within the province of the jury, and in the exercise of this function the question as to what constitutes the proximate cause of an injury complained of may be directly involved as one of the essential elements and disputed issues in the ascertainment of what negligence, as well as whose negligence, the injury is properly attributable to. *White* v. *Seaboard Air-Line Ry.,* 14 *Ga. App.* 139 (80 S. E. 667). It was not error, therefore, for the judge to overrule the railway company's demurrer to the petition, since it was properly a question of fact, for the jury to determine from the evidence, whether the defendants were guilty of negligence in any of the particulars charged, and, if so, whether the concurrent acts of negligence of both wrong-doers, or the separate acts of either of them, constituted the proximate cause of the injury.

2. There was evidence tending to substantiate the contentions of plaintiff as to each of the grounds of negligence referred to, and the trial court did not err in overruling either of the motions for a new trial.

*Judgment in each case affirmed. Stephens and Smith, JJ., concur.*

DECIDED OCTOBER 20, 1919.

Actions for damages; from city court of Atlanta—Judge Reid. December 7, 1918.

*Colquitt & Conyers, E. V. Carter, E. V. Carter Jr.,* for plaintiffs in error.

*Alexander MacDougald, Hewlett & Dennis,* contra.