12690.    CLACK *v.* GEORGIA RAILWAY AND POWER COM-
PANY.

Whether the proximate cause of the collision between the car of the street-railway company and the plaintiff's automobile was negligence on the part of the company, under the allegations of the petition, was a question for the jury; and the court erred in dismissing the petition, on demurrer.

DECIDED FEBRUARY 1, 1922.

Action for damages; from Fulton superior court — Judge Pendleton. June 23, 1921.

*D. K. Johnston,* for plaintiff.

*Colquitt & Conyers,* for defendant.

HILL, J. This was an action against a street-railway company by a person injured when riding in an automobile driven by another person, which collided with a car of the company. The allegations of the petition as amended, substantially stated, are as follows: The street-car was approaching the intersection of two streets which were thoroughfares, and the automobile was being driven on one of the streets, the driver intending to cross the company's track near the intersection of the two streets. The plaintiff and the driver of the automobile heard the bell on the street-car ring the signal for the motorman to stop, and saw that the street-car was stopping as it approached the intersection of the two streets, and the driver of the automobile expected, from these

indications, that the street-car would stop at the near side of the street where it intersected with the other and where she had a right to expect the car would be brought to a stop by the motorman in compliance with the ordinances of the city regulating traffic, and thus give an opportunity to cross in front of the street-car. Instead of stopping the street-car on the near side of the street, in obedience to the law and in compliance with the signal given to stop, the motorman, although he saw or should have seen the automobile approaching the intersection of the street, negligently drove the car beyond the near side of the street into the middle of the street, so that the automobile collided with it. The motorman saw or ought to have seen the approach of the automobile, and his failure to stop the street-car at the accustomed place, as required by the ordinances, and as the driver of the automobile expected him to do, was an act of negligence, as it placed the car unexpectedly directly in the way of the approaching automobile.

Under the allegations of the petition it was a question for the jury whether there was negligence on the part of the defendant as alleged, and, if so, whether the act of negligence charged was the proximate cause of the injury. The judgment sustaining the demurrers and dismissing the petition is therefore reversed. *Ga. Ry. & Power Co.* v. *Ryan,* 24 *Ga. App.* 288 (100 S. E. 713).

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*