22152.  McGINNIS *v.* SHAW *et al.*
22189.  CENTRAL OF GEORGIA RAILWAY CO. *v.* SHAW.

DECIDED JANUARY 11, 1933.

*W. W. Mundy, W. H. Trawick, W. W. Mundy Jr.,* for Mc-Ginnis.

*Maddox, Mathews & Owens, W. K. Fielder,* for the railway company.

*John K. Davis, Wright & Covington,* for Shaw.

JENKINS, P. J.  This was a joint suit against a railway company and the driver of an automobile in which the plaintiff was riding as a guest, for injuries alleged to have been sustained in a collision, which occurred between nine and ten o'clock at night, at a railroad-crossing within the limits of the City of Cedartown, between the automobile and an engine and tender of the defendant railway company which were being backed over the crossing. Negligence was charged against the railway company in that it failed

to give any signal or warning, to persons approaching the crossing, of the presence of the locomotive standing upon or passing over the crossing; in failing to have a flagman at the crossing to direct and protect persons going across the tracks; in failing to keep a lookout as the locomotive approached the crossing; in failing to have the locomotive under control as it approached the crossing so as to be able to stop the same and protect the lives and property of those who might be upon the crossing; in not having a light on the rear of the tender so as to give warning of its approach to the crossing, and in not having a flagman present with a red light or other light so as to control and direct traffic and prevent collisions. Gross negligence was charged against the driver of the automobile in operating the automobile over the tracks and in increasing its speed on approaching the tracks upon which the locomotive was being operated; in not keeping a proper lookout to the left to observe and detect the approach of the locomotive, and in failing to detect the presence of the same in time to prevent a collision; and in failing to keep his automobile under control while crossing the railroad-tracks, so as to enable him to stop the same and avoid a collision with any train that might be upon the crossing. It was also alleged that as they approached the crossing the driver of the automobile directed the plaintiff to look to the right to observe whether any train was approaching the crossing, which the plaintiff did, and the driver agreed to look to the left for the same purpose, but failed and neglected to do so. The defendant railway company and the defendant driver of the automobile filed separate demurrers to the petition, which were overruled, and each of them brings the case to this court for review by separate bills of exceptions.

It is a well established general rule that, "where two or more persons or corporations, acting independently, without concert, plan, or other agreement, inflict a damage or cause an injury to another person, the persons inflicting the damage are not jointly liable therefor, but each is liable for his proportion only of the damages; and in such case a joint action against them can not be maintained." *Armstrong* v. *Southern Ry. Co.,* 29 *Ga. App.* 418 (116 S. E. 31) ; *Schneider* v. *Augusta,* 118 *Ga.* 610, 611 (45 S. E. 459) ; *Ga. So. & Fla. Ry. Co.* v. *Corry,* 149 *Ga.* 295, 301 (99 S. E. 881) ; *City of Albany* v. *Brown,* 17 *Ga. App.* 707 (88 S. E. 881) ; *United*

*Cigar Stores Co.* v. *Ga. Ry. & Power Co.,* 27 *Ga. App.* 198 (107 S. E. 781) ; *Brooks* v. *Ashburn,* 9 *Ga.* 297 (3) ; *Key* v. *Armour Fertilizer Works,* 18 *Ga. App.* 472 (89 S. E. 593). But it is also true that, even though voluntary, intentional concert is lacking, if the separate and independent acts of negligence of several combine naturally and directly to produce a single injury, they may be sued jointly, despite the fact that the injury might not have been sustained had only one of the acts of negligence occurred. *Aaron* v. *Coca-Cola Bottling Co.,* 143 *Ga.* 153, 155, 156 (84 S. E. 556) ; *Jolly* v. *Atlanta,* 37 *Ga. App.* 666 (141 S. E. 223). Thus, where two concurrent causes naturally operate in causing an injury, there can be a recovery against both or either one of the responsible parties (*Bonner* v. *Standard Oil Co.,* 22 *Ga. App.* 532, 535, 96 S. E. 573; *Kelly* v. *Ga. Ry. & Power Co.,* 24 *Ga. App.* 439 (4), 101 S. E. 401; *Central of Ga. Ry. Co.* v. *Macon Ry. &c. Co.,* 9 *Ga. App.* 628 (4), 71 S. E. 1076; *Akin* v. *Brantley,* 26 *Ga. App.* 326, 106 S. E. 214; *Central of Ga. Ry. Co.* v. *Garrison,* 12 *Ga. App.* 369, 77 S. E. 193; *Barrett* v. *Mayor &c. of Savannah,* 9 *Ga. App.* 642, 72 S. E. 49) ; and this is true although the duty owed to the complainant by both parties defendant may or may not have been the same. *Gooch* v. *Ga. Marble Co.,* 151 *Ga.* 462 (107 S. E. 47) ; *Central of Ga. Ry. Co.* v. *Wheat,* 32 *Ga. App.* 151 (122 S. E. 794) ; *Fulton Ice & Coal Co.* v. *Pece,* 29 *Ga. App.* 507 (5) (116 S. E. 57) ; *Byne* v. *Americus,* 6 *Ga. App.* 48(3) (64 S. E. 285) ; *Scearce* v. *Gainesville,* 33 *Ga. App.* 411 (3) (126 S. E. 883).

■ No general yet precise and inflexible rule can be laid down with reference to the highly involved and much-discussed subject of what constitutes the proximate cause of an injury. Consequently each case must depend for solution upon its own particular facts; but it is a well-settled principle of law that where two concurrent causes operate directly in bringing about an injury, there can be a recovery against either one or both of the responsible parties. The mere fact that the injury would not have been sustained had only one of the acts of negligence occurred will not of itself operate to define and limit the other act as constituting the proximate cause, for if both acts of negligence contributed directly and concurrently to bringing about the injury, they together will constitute the proximate cause. The determination of questions as to negligence lies peculiarly within the province of the jury, and in

the exercise of this function the question as to what constitutes the proximate cause of an injury complained of may be directly involved as one of the essential elements and disputed issues in the ascertainment of what negligence, as well as whose negligence, the injury is properly attributable to. *Georgia Railway & Power Co.* v. *Ryan,* 24 *Ga. App.* 288 (100 S. E. 713), and cit.

■ In the instant case the fact that the plaintiff may have alleged that the defendant driver of the automobile, his host, was guilty of gross negligence in failing to watch the left-hand side, as had been agreed upon with the plaintiff on approaching the crossing, does not negative the idea of a lack of ordinary care, as alleged, on the part of the defendant railway company; nor does it necessarily imply that the locomotive was so manned, equipped, and operated in approaching the crossing that any one using the street, however inattentive, would have been warned of its approach, so that by the exercise of ordinary care the injury would have been avoided. The fact that the defendant driver may be charged with having contributed to the injury by reason of being guilty of gross negligence does not necessarily imply that the exercise of even slight care on the part of the driver would have avoided the injury, with the result that such gross negligence necessarily constituted the sole and proximate cause thereof. While it may be true that if the driver was plaintiff, an allegation by him to the effect that he himself was guilty of gross negligence contributing to the injury would prevent a recovery by him against the railway company in the absence of wilful and wanton negligence on its part, such an allegation by a guest, to whom the negligence of the driver was not imputable, does not debar the guest from a right to recover if the injury was brought about by the gross negligence of the driver and the lack of ordinary care on the part of the defendant railway company, combining naturally and directly to produce the single injury, provided that the plaintiff, as guest, exercised the degree of ordinary care incumbent upon him. *Powell* v. *Berry,* 145 *Ga.* 696 (2) (89 S. E. 753, L. R. A. 1917A, 306). Under the rulings set forth, these questions are all questions of fact to be determined by the jury. *Southern Ry. Co.* v. *Slaton,* 41 *Ga. App.* 759 (3), 760 (154 S. E. 718), and cit. The instant case differs widely on its facts from that of *Brinson* v. *Davis,* 32 *Ga. App.* 37 (122 S. E. 643). That case was a suit against a railway company

by a guest riding in an automobile driven by another, in which it was shown that the car was driven into a stationary train of cars, and the court held that in such a case the injury was brought about solely by the negligence of the driver of the automobile, to which the railway company did not contribute.

■ "Although the rules adopted by a railway company, governing the conduct of its employees in the operation of trains, may be admissible in evidence for the purpose of illustrating the negligence of the defendant in a situation to which the rule would be applicable (*Georgia Railroad Co.* v. *Williams,* 74 *Ga.* 723 (3); *Chattanooga, Rome &c. R. Co.* v. *Whitehead,* 90 *Ga.* 47, 15 S. E. 629; *Atlanta Consolidated Street Ry. Co.* v. *Bates,* 103 *Ga.* 333 (7), 30 S. E. 41; *Southern Ry. Co.* v. *Tiller,* 20 *Ga. App.* 251, 92 S. E. 1011), the measure of the duty owed by the company to a member of the traveling public is fixed by the law of the land; and in a suit for injury to or death of one of such class, the private rules of the company could not be set up for the purpose of founding a substantive cause of action upon a breach of them." *Foster* v. *Southern Ry. Co.,* 42 *Ga. App.* 830, 832 (6) (157 S. E. 371). In determining whether rules illustrate a duty of the defendant in the situation involved, their scope "will not by implication be extended beyond their clear and obvious meaning." *Western & Atlantic R. Co.* v. *Bussey,* 95 *Ga.* 584 (2) (23 S. E. 207). In the instant case the rule providing that "cars must not be backed or pushed over a street, highway, or private crossing without a flagman on the front of or preceding the leading car; cars must not be allowed to run over a street, highway, or other private crossing without engine attached," indicates on its face that it is to apply only when cars are being pushed, backed, or kicked over a street-crossing. Such a situation is obviously different from that which exists where a locomotive with its tender is made to cross the same. It was therefore error to overrule the ground of the special demurrer of the railway company, aimed at averments of the petition as amended which set forth such alleged rule of the railway company. *Central of Ga. Ry. Co.* v. *Cooper,* 45 *Ga. App.* 806 (3) (165 S. E. 858).

■ This court does not feel authorized to say, as a matter of law, that the defendant driver was not guilty of gross negligence as charged. *Rosenhoff* v. *Schaul,* 42 *Ga. App.* 776, 779 (157 S. E.

215); especially so in view of the allegation that the driver, before approaching the crossing, had assigned the plaintiff to watch the right-hand side of the track, leaving the left-hand side to himself. This special fact or circumstance is one which the jury might consider along with the other allegations seeking to show gross negligence on the part of the driver.

█ Under the foregoing rulings, the petition set forth a cause of action against both defendants, and the remaining grounds of the special demurrers of both defendants, save the ones met by amendment, are without material or substantial merit. Accordingly, the judgment in case No 22152 is affirmed; and the judgment in case No. 22189 is reversed, because of the error of the court in overruling the ground of special demurrer dealt with in the fourth division of the syllabus.

*Judgment affirmed in case No. 22152. Judgment reversed in case No. 22189. Stephens and Sutton, JJ., concur.*