36598. PARSONS *v.* GRANT *et al.*

DECIDED APRIL 2, 1957.

*Edward T. Brock, Jr., Irwin R. Kimzey,* for plaintiff in error.
*Ellard & Frankum, Kimzey & Crawford,* contra.

GARDNER, P. J. ■ The evidence is sufficient to sustain the verdict of the jury in favor of the defendants. We have set out all the evidence which relates to the manner in which the defendant, Mrs. Grant, approached Highway 23 and there is nothing which is contrary to the verdict of the jury. The evidence supports the verdict as to the general grounds.

■ Special ground 1 assigns error because the court sustained an objection to a question by counsel for the plaintiff, and the answer of the plaintiff thereto. Counsel propounded the following question: "Mrs. Parsons, immediately following your accident and for sometime therefrom, were you able to perform your household duties?" The plaintiff answered: "I wasn't able to do my housework like washing and ironing for almost two years." Counsel for the plaintiff contends that this testimony was relevant and material and that the exclusion of such was hurtful and prejudicial to the plaintiff and that such refusal to permit the testimony denied her the right to prove the allegations of her petition and was highly prejudicial and harmful to her. The question of the extent of injuries to the plaintiff and the alleged resulting inability to perform certain duties did not go to the question of whose negligence and what negligence caused the collision, and had no bearing upon the question of the liability or non-liability of the defendants. The jury determined that the

acts of the defendants were not the causative factor and that the plaintiff was not entitled to recover. Evidence as to the injuries of the plaintiff, if permitted, would have no bearing on determining the negligence of the parties concerned and could not have produced a different verdict. See *Rountree & Co.* v. *Gaulden*, 123 *Ga.* 449 (4) (51 S. E. 346). In *Parsons* v. *Foshee*, 80 *Ga. App.* 127 (4) (55 S. E. 2d 386), this court said: "The refusal of the court to admit certain testimony as to the defendant's injuries and the charge on the defendant's damages . . . do not show harmful error, inasmuch as the jury found . . . on the primary issue of liability." In that case, as in the case at bar, the jury resolved the issue on the question of negligence, and never got to the point of considering the extent of the defendant's damage (in that case) or injuries (in the case at bar). See *Howard* v. *Ga. Ry. & Power Co.*, 35 *Ga. App.* 273 (8) (133 S. E. 57). The exclusion of the question and answer was harmless to the plaintiff, and whether erroneous or not, it does not appear that the ruling affected the finding of the jury on the question of liability or non-liability. See *McBride* v. *Georgia Ry. &c. Co.*, 125 *Ga.* 515 (1) (54 S. E. 674). See also *Owens* v. *Service Fire Ins. Co.*, 90 *Ga. App.* 553 (3) (83 S. E. 2d 249), *Archer* v. *Kelley*, 194 *Ga.* 117 (4) (21 S. E. 2d 51), and *Robinson* v. *Murray*, 198 *Ga.* 690 (2) (32 S. E. 2d 496). Special ground 1 is not meritorious.

■ Special ground 2 assigns error because it is contended that the court erred in instructing the jury as follows: "If, on the other hand, a member of his family should keep or maintain a car for his or her own personal pleasure, the acts in using such car would not be imputable to the husband, or parent, as the case might be." This excerpt followed this charge of the court on this point: "As previously stated to you, in giving you the contentions of the parties, the plaintiff contends that the automobile being driven by Mrs. Naomi J. Grant was the automobile of B. W. Grant, that he kept and maintained the automobile as a family use car and that Mrs. Grant was his wife, and, therefore, if she was negligent in the operation of that automobile the negligence would be imputed to her husband, B. W. Grant. The law is that if there is negligence on the part of a member of his fam-

ily in using the automobile for the purpose intended for it to be used, as the agent of the husband or parent, the negligence of the member of the family would be imputable to the husband, or parent, as the case might be." It will thus be seen that the court covered fully the point raised by the pleadings and the evidence and the excerpt must be construed in view of the whole charge of the court, and is harmless to the cause of the plaintiff. There is conflicting evidence as to the ownership of the car, but the jury had the duty to determine all points as to the evidence, which they resolved against the plaintiff. It was the duty of the court to charge on all points of law involved in view of the pleadings and the evidence before the court. This was done. It was necessary for the court to charge regarding the ownership of the car involved. It is our opinion that this charge is not erroneous. The Supreme Court has gone so far as to say in *Hickox* v. *Griffin*, 205 *Ga.* 859 (3) (55 S. E. 2d 351): "Where the verdict is demanded by the evidence, it will not be reversed by this court on the ground of an erroneous charge or failure to charge." See the cases cited in division 3 of that case.

It is not necessary that an erroneous charge be corrected, if the verdict was demanded by the evidence. See *Newton* v. *Mayo*, 62 *Ga.* 11 (2). It is also true that, if a charge of a correct principle of law is not applicable to any issue made by the evidence, it is not necessarily harmful where a verdict is demanded by the evidence. See *Rentz* v. *Collins*, 51 *Ga. App.* 782 (3) (181 S. E. 678). When the excerpt is considered in connection with the whole charge of the court, no harmful error is shown in this special ground. See *Robinson* v. *State*, 207 *Ga.* 337 (2) (61 S. E. 2d 475). See also *Long* v. *Gilbert*, 133 *Ga.* 691 (5) (66 S. E. 894) wherein this court said: "An irrelevant charge will not cause a new trial, where it does not prejudice any right of the parties and is not likely to mislead the jury from the true issues of the case." See also *Bass* v. *Bass*, 52 *Ga.* 531 (4), and *Eagle & Phenix Mills* v. *Herron*, 119 *Ga.* 389 (46 S. E. 405). The charge of the court was correct in view of the pleadings and in view of the conflicting evidence as to the ownership of the car. See *Young* v. *Cedartown Block &c. Co.*, 89 *Ga. App.* 509, 511 (79 S. E. 2d 828) wherein it is held: "It was not error to charge the

measure of damage contended for by the defendant in her answer, which was not demurred to. Plaintiff in error can not complain of a charge contended for and invited by her pleadings and unobjected to by the plaintiff." An excerpt from the charge of the court can not be lifted from the entire context and be the basis of reversible error. Each charge of the court must be considered as a whole. See *Essig* v. *Cheves,* 75 *Ga. App.* 870, 879 (44 S. E. 2d 712), wherein this court said: "The charge must be construed in connection with what had been charged before the charge complained of, and what the court charged afterwards." See also *A. C. L. R. Co.* v. *Heyward,* 82 *Ga. App.* 337 (2) (60 S. E. 2d 641). The charge of the court on this point as a whole was complete and harmless and not subject to reversal as assigned in special ground 2.

Special ground 3 assigns error because it is contended that the court erred in instructing the jury as follows: "As previously stated to you, the plaintiff in this case, under no circumstances, can recover damages against these defendants, or either of them, unless the defendant, the driver and operator of the motor vehicle in which the plaintiff was a guest passenger, unless that driver and operator was guilty of what is known as gross negligence, and if guilty of gross negligence, that must be the proximate and moving cause of the injury sustained by the plaintiff." It is contended that the charge was erroneous as an abstract principle of law, that it was misleading, confusing and argumentative; and it is further contended that it was necessary for the alleged gross negligence of Mrs. Grant to have been the moving cause of the injury sustained by the plaintiff; that Mrs. Grant was grossly negligent and such gross negligence contributed to and concurred with the negligence of Dalton and proximately caused the plaintiff's injury, that the plaintiff was therefore entitled to recover. The petition does not plead concurring negligence on the part of the third party. In fact, paragraph 21 of the plaintiff's petition alleges that Mrs. Grant was "the direct, sole, procuring and proximate cause of your petitioner's injury." It appears that counsel for the plaintiff is attempting to make a distinction between "proximate cause" and "moving proximate cause." Proximate cause is such cause as necessarily sets other causes in operation.

To move means, among other things, "to occasion"; "to contribute to"; "to tend or lead to". By referring to Black's Law Dictionary, Words and phrases, and Webster's Unabridged Dictionary, one is impressed with the exact language used in defining the two terms, and when such terminology is used in the legal sense we find no difference nor is there any difference defined in the following cases cited by counsel for the plaintiff: *Wright* v. *Southern Ry. Co.,* 62 *Ga. App.* 316 (7 S. E. 2d 793); *Callahan* v. *Cofield,* 61 *Ga. App.* 780 (7 S. E. 2d 592); *Gazaway* v. *Nicholson,* 61 *Ga. App.* 3 (5 S. E. 2d 391), s.c. 190 *Ga.* 345 (9 S. E. 2d 154); *Georgia Power Co.* v. *Kinard,* 47 *Ga. App.* 483 (170 S. E. 688); *Shermer* v. *Crowe,* 53 *Ga. App.* 418 (186 S. E. 224); *Southern Ry. Co.* v. *Blanton,* 63 *Ga. App.* 93 (10 S. E. 2d 430); *Thornton* v. *King,* 81 *Ga. App.* 122 (58 S. E. 2d 227); *A. C. L. R. Co.* v. *Strickland,* 87 *Ga. App.* 596 (74 S. E. 2d 897); *Harrison* v. *League,* 93 *Ga. App.* 718 (92 S. E. 2d 595). All of the cases immediately hereinabove cited concern proximate cause and some of them go extensively into the matter of proximate cause as related to third parties involved in damage suits based on negligence, whose negligence and what negligence. Throughout those cases we find a principle of law stated to the effect that the liability of a defendant is limited to those consequences which should have been reasonably anticipated as the natural and proximate result of an act or omission to act. The facts and pleadings in all of those cases are different from the facts and pleadings of the instant case and show no cause for reversal of the instant case because the trial judge used the words "proximate and moving cause." This special ground is not meritorious.

■ Special ground 4 assigns error on the failure of the court to charge the jury, without a request, as follows: "If you find that the plaintiff in this case was injured as the direct and proximate result of joint and concurrent negligence of the defendants and a third person, and that the gross negligence of the defendants, if you find they were guilty of gross negligence, joined and concurred with the negligence of a third person and constituted the proximate cause of plaintiff's injuries, then and in that event you would find a verdict in favor of the plaintiff, if you find she was otherwise entitled to recover under the evidence in this case."

It is contended that the charge was not covered by the general charge; that it was the contention of the plaintiff that she was injured as the direct and proximate result of the acts of gross negligence of the defendants and that the principle of law embraced in this special ground was necessarily involved under the pleadings and the evidence in the case; that such a failure to charge was harmful and deprived the plaintiff of a material contention, and that such failure to charge tended to and probably did influence the jury to find against her. It is argued by counsel for the plaintiff, in addition to cases heretofore discussed in this opinion, that *L. & N. R. Co.* v. *Ellis*, 54 *Ga. App.* 783 (189 S. E. 559) is controlling in the instant case. In that case the court said at page 785, division 2: "A defendant may be held liable where it appears that his negligence was the sole cause of the injury complained of, or that his negligence put in operation other causal forces which were the direct, natural, and probable consequences of the defendant's original act, or that the intervening agency could reasonably have been foreseen by the defendant as original wrong-doer. *Georgia Power Co.* v. *Kinard*, 47 *Ga. App.* 483 (170 S. E. 688). Where two concurrent causes naturally operate in causing an injury, there may be a recovery against both or either of the actors, even though the care owed by them to the injured person be different. *McGinnis* v. *Shaw*, 46 *Ga. App.* 248 (167 S. E. 533). Where a wrongful act puts other forces in operation, resulting in injury to another, which the jury may be authorized to find were the direct, natural, and probable consequences of the original act or acts, the wrong-doer can be held liable; but where the resultant injuries could not reasonably be foreseen as the natural, reasonable, and probable consequences, there can be no recovery. *Hardwick* v. *Figgers*, 26 *Ga. App.* 494 (106 S. E. 738). It is to be remembered that all persons are presumed by the law to anticipate or foresee the reasonable and natural consequences of their conduct. *Terrel* v. *Giddings*, 28 *Ga. App.* 697 (112 S. E. 914). In a negligence case the mere fact that the injury would not and could not have resulted by reason of the defendant's acts alone will not of itself be taken to limit and define an intervening agency as constituting the proximate cause. *Gillespie* v. *Andrews*, 27 *Ga. App.* 509, 108

S. E. 906; *Spires* v. *Goldberg*, 26 *Ga. App.* 530 (106 S. E. 585). It would seem that, where a railroad has created a dangerous situation at a street and railroad crossing, and the jury could reasonably find that the same was the proximate cause or one of the proximate causes '(*Shermer* v. *Crowe*, 53 *Ga. App.* 418, 186 S. E. 224) of the plaintiff's injury, there would be a case of lia-- bility alleged against such railroad. See *Central of Ga. Ry. Co.* v. *Reid*, 23 *Ga. App.* 694 (99 S. E. 235) ; *Bonner* v. *Standard Oil Co.*, 22 *Ga. App.* 532 (96 S. E. 573) ; *Georgia Railway & Power Co.* v. *Ryan*, 24 *Ga. App.* 288 (100 S. E. 713)." All of that part of the case which we have quoted is true as an abstract principle of law. However, the facts of that case are that the plaintiff stopped at the railroad crossing and was waiting to cross when an agent of the railroad company beckoned the plaintiff to proceed. The act of the agent of the railroad company caused her to proceed and incur injuries. No one in authority in the present case encouraged the defendant to proceed. She did it of her own volition. The facts in the *Ellis* case are so different from the case at bar that they are not cause for reversal. The petition in the instant case did not mention concurring negligence of a third party although the answer of the defendant did. It is our opinion that the facts and pleadings in the instant case are covered by the holding in *Wade* v. *Roberts*, 89 *Ga. App.* 607 (80 S. E. 2d 728) where, as here, the only negligence alleged in the petition was against the driver of the car in which the plaintiff was riding. No negligence is charged in the instant case against Dalton. There, as here, the petition shows no contribution of negligence· on the part, of any person other than the driver of the car in which the plaintiff was riding. Headnote 1 of that opinion reads: "Where, in an automobile-guest case, the only negligence charged in the petition is directed against the defendant host's driver, it is not error to charge that the plaintiff contends his injuries were proximately and solely caused by the defendant; nor is it error, in the absence of request, to fail to charge the principles of law applicable to the concurrent negligence of separate tortfeasors, although the evidence may show negligence on the part of others than the defendant." Counsel for the plaintiff did not request the court to·charge. The duty of aiding the court in determining

what issues should be submitted to the jury devolves upon counsel. See *Edmiston* v. *Whitney Land Co.*, 198 *Ga.* 546, 549 (32 S. E. 2d 259), *Anderson* v. *State*, 196 *Ga.* 468, 471 (26 S. E. 2d 755), and *Howard* v. *Lee*, 208 *Ga.* 735, 739 (69 S. E. 2d 263).

In *Kelly* v. *Locke*, 57 *Ga. App.* 78, 87 (194 S. E. 595) this court said: "We think that the petition as pleaded by the plaintiff should bind her, for it is in effect a request for the court to try certain issues, and states that she expects to show certain facts, and in effect asks the court to follow the petition as a guide and a chart in trying the case, including the delivery of his charge to the jury." See also *A. G. Boone Co.* v. *Owens*, 54 *Ga. App.* 379, 384 (187 S. E. 899) ; *Hennemier* v. *Morris*, 51 *Ga. App.* .760 (1) (181 S. E. 602) ; *Smith* v. *Tippens*, 207 *Ga.* 262 (61 S. E. 2d 138). The court did not err in failing to instruct on the principle of law of concurring negligence of the defendants and a third person in the absence of a request, and in the absence of an allegation in the petition as to such negligence or liability, or non-liability, of such third person.

The court did not err in denying the motion for new trial.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*