11408, 11441. GRAY v. HINES, director-general; and *vice versa*.

JENKINS, P. J.  1. Where a petition against a railroad company is filed, and is later dismissed on motion of the plaintiff, the allegations therein cannot be introduced in a subsequent action between the same parties, as admissions on the part of the defendant company, where it is not shown that the answer of the defendant either admitted or failed to deny the averments of the petition. The fact that the petition in the former suit was prepared and signed by an attorney employed for the plaintiff by the railway company, in furtherance of what was then regarded as a friendly suit for the purpose of consummating a settlement of the case, would not alter the rule.

2. "The rule of law that a servant assumes the ordinary risks of his employment makes it his duty to exercise his own skill and diligence to protect himself, and applies alike whether the master be engaged in interstate or intrastate commerce." *Hightower* v. *Southern Railway Co.*, 146 *Ga.* 279 (1) (91 S. E. 52, L. R. A. 1917C, 481).

3. It is the duty of the master to exercise ordinary care and diligence in providing a reasonably safe place of work for his servants, but this rule does not apply where the work for which the servant is employed is of such nature that its progress is constantly changing the conditions as regards the increase or diminution of safety. Where a servant is injured when engaged in a character of work to which the unsafe conditions are incidental, the master is not liable for failure to provide a safe place to work. The hazards thus arising are regarded as the ordinary dangers of the employment, and the servant assumes such risks. *Louisville & Nashville R. Co.* v. *Dunn*, 21 *Ga. App.* 379 (94 S. E. 661).

4. Where, under the allegations of a petition, there were several different but concurrent causes which together operated directly in bringing about the injury, the fact that one of the causes, without which the injury would not have been sustained, was a risk assumed by the servant's employment, would not necessarily absolve the defendant from liability. *Barrett* v. *Savannah*, 9 *Ga. App.* 642 (72 S. E. 49); *Ga. Ry. & Power Co.* v. *Ryan*, 24 *Ga. App.* 288 (100 S. E. 713).

5. The grounds of negligence alleged in the petition are set out in the statement of facts below. The first and second grounds were not sustained by the evidence of the plaintiff; the only evidence to sustain the second ground amounted to a mere conclusion; and the danger resulting from the negligence charged in the third ground was an assumed risk incident to the performance of the particular task upon which plaintiff was engaged. The judge did not err in granting a nonsuit.

*Judgment affirmed on main bill of exceptions; cross-bill dismissed. Stephens and Smith, JJ., concur.*

                  DECIDED NOVEMBER 10, 1920.

Action for damages; from city court of Albany — Judge Clayton Jones. February 14, 1920.

W. H. Gray, a minor about nineteen years of age, brought suit,

by next friend, against Walker D. Hines, director-general of railroads, and alleged: that he was employed by the defendant as a member of a pile-driving crew of the Atlantic Coast Line Railroad Company; that on or about September 10, 1918, he, with other employees, under the direct charge of H. R. Donnelly, a foreman of the defendant, was engaged in making repairs on a trestle across Flint river, in Dougherty county, Georgia, and that the repairs required the hoisting of certain timber or cross-ties from the ground under the trestle to the top of it, a distance of some 15 to 18 feet; that he was directed· by the said foreman to bundle and chain the said cross-ties and attach the hoisting rope to them; that he was engaged in this work from 6 o'clock until about 9:30 o'clock a. m., on the day named, when one of the bundles of cross-ties, in being raised, swung against a batton-post or upright, knocking it loose and causing it to fall upon him, inflicting serious and permanent injuries. He alleged that the defendant was negligent, (1) in hoisting the timber in such proximity to the batton-post as to permit it to come in contact with the batton-post; (2) in not having the batton-post securely. and properly fastened to the bridge, the drift-pin in the top of it being too short to perform. its function properly or to hold the post securely against such shocks or jolts as the defendant knew or should have known it would be subjected to; and (3) in stripping the trestle of the rails and cross-ties that gave such additional support to the batton-post as to secure it against falling by reason of such shocks as the defendant knew or should have known it would be subjected to.

The plaintiff testified that "there was no other place where that machine could have been placed to hoist this timber, because the ties were so long; in swinging they were obliged to hit something; they were nine feet long; the foreman kept the leads out as far as he could get them." He contended that the injury was caused ·by a bundle of cross-ties swinging against and knocking out a batton-post, and causing it to fall on him. He testified, however, as follows:· "They all swing a little, just turning and spinning around on the cable,—not swinging backward and forward much; and it was my business to steady them before they went up. So far as I could see, this load went up like the balance. The last thing I remember was hooking them and turning

loose. I don't know whether I steadied it or not." The only evidence offered by the plaintiff for the purpose of sustaining the second charge of negligence was as follows: "The drift-pins are 18 inches long, and an 18-inch drift-pin would have gone into a batton-post 6 inches, and if it had been driven in in that case the turning of this lumber could not have knocked it out;" and "if the drift-pin had been driven into the head of the batton-post, it could not have been dislocated and knocked down upon me by any jolt that might be caused from the hoisting of those ties. The usual length of the drift-pin is from 18 to 24 inches." He further testified: "I helped tear down the trestle, and, as far as I could tell, it was properly built." The plaintiff offered in evidence, as admissions by the defendant, the petition in a prior suit between the same parties, which had been dismissed, and which he contended was admissible because that suit was brought by a lawyer who had been hired by the defendant company to bring it in his behalf. After the plaintiff had introduced his evidence, the judge, on motion of the defendant, granted a nonsuit.

*Lippitt & Burt, E. E. Cox,* for plaintiff.
*Peacock & Gardner, Pope & Bennet,* for defendant.