12080. TERRY SHIPBUILDING CORPORATION *v.* GRIFFIAN.

BLOODWORTH, J. The petition in this case sets out a cause of action, and the court did not err in overruling the demurrer.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*

DECIDED OCTOBER 6, 1921.

Action for damages; from Chatham superior court — Judge Meldrim. November 24, 1920.

Application for certiorari was granted by the Supreme Court.

The action was for damages on account of injuries to a workman at the plant of the shipbuilding company. The petition alleges: On July 14, 1920, the defendant was constructing at its plant a large iron vessel known as No. 1395, and the plaintiff

was in the defendant's employ, working in the lower forehold of the vessel, engaged in constructing a tank. He had occasion to leave the forehold and proceed to the anglesmith shop of the defendant for the purpose of obtaining a staple for use in building the tank, and had to climb scaffolding through hatchways in two decks to get to the main deck. The forecastle deck is about eight feet above the main deck and in the front part of it. Through the forecastle deck and directly above the hatchway in the main deck through which the plaintiff had climbed was a circular or oval hole about 28 inches in diameter, known as the hawse-pipe hole. There was standing on the forecastle deck and within two or three feet of the hawse-pipe hole a portable forge which was being used for heating rivets to red-hot temperature, and the rivets were being passed through the hawse-pipe hole to be used by workmen of the defendant on the main deck. The portable forge was constructed in three parts and supported on three legs; the said parts being the three legs, a shallow basin connected by braces, and a heavy iron ring of about 20 inches in diameter, 8 inches in depth, and about three quarters of an inch in thickness, the said basin being mounted on the said legs but not fastened to them, and the ring being mounted on the basin but not fastened to it. The ring added to the depth of the basin, and the basin and the ring were full or partly full of burning coal and rivets being heated to redness. Paragraph 6 alleges: In some manner unknown to plaintiff the portable forge described was upset, and the heavy iron ring, glowing coals, and hot rivets were precipitated through the hawse-pipe hole upon him as he stepped upon the main deck below, the said ring striking him upon the head, rendering him unconscious, and causing injuries described. It is further alleged: The defendant knew that the portable forge had been located in the position where it was immediately before the plaintiff was injured for several days before the day mentioned above. The proximate cause of his injuries . . was due to the negligence and carelessness of said defendant company in permitting said portable forge to be in the position in which it was at the time that it was upset and . . petitioner injured as hereinbefore set out, there being no necessity for its being placed so near to said hawse-pipe hole, and to the neglect and carelessness of said defendant company in

failing to notify or warn . . petitioner that said forge was located where it was at the time that it was upset, said defendant well knowing that . . petitioner would necessarily, in the scope of his employment, be many times during the day immediately under said hawse-pipe hole and liable to be injured should said forge or part thereof fall through said hawse-pipe hole." Petitioner did not know that the forge was in the position where it was at the time he was injured, and in the exercise of ordinary care could not have known.

The demurrer was on the grounds: (1) No cause of action is set out. (2) The allegations of paragraph 6, as to the manner in which the forge was upset, are too vague and indefinite. (3) It is not shown what caused the forge to become upset and fall on the plaintiff. (4) There are no facts alleged that show that negligence of the defendant was the proximate cause of the injury.

*Hitch & Denmark, David S. Atkinson,* for plaintiff in error, cited: 140 *Ga.* 459-60; 21 *Ga. App.* 412; 25 *Ga. App.* 794; 21 *Ga. App.* 379 (1), and cit.; 146 *Ga.* 300; Civil Code (1910), § 4509; 103 *Ga.* 847-9; 12 *Ga. App.* 286, 290; 6 *Ga. App.* 306; 17 *Ga. App.* 707; 22 *Ga. App.* 557; 23 *Ga. App.* 753; 114 *Ga.* 390; 131 *Ga.* 791 (2); 115 *Ga.* 1009.

*Gignilliat & O'Neal, J. S. Harrison, Thomas F. Walsh Jr.,* contra, cited: 87 *Ga.* 692; 29 Cyc. 630 (III); 116 *Ga.* 152; 80 *Ga.* 114; 108 *Ga.* 805; 62 *Ga.* 685; 105 *Ga.* 135; 118 *Ga.* 651; 92 *Ga.* 727; 2 *Ga. App.* 79.