DAVID MARSH, JR., B/N/F WILLIS C. MARSH,
Plaintiff in Error,

*v.*

MAMIE HOWELL FOWLER, et al, Defendants In Error.

(*Knoxville,* September Term (May Session) 1959.)

Opinion filed September 9, 1960.

Rehearing Denied October 7, 1960.

H. M. VAUGHN, Chattanooga, for plaintiff in error.

WHITAKER, HALL & HAYNES, Chattanooga, for defend-ants in error.

MR. JUSTICE SWEPSTON delivered the opinion of the Court.

This case is here by reason of the action of the trial court in sustaining the defendants' demurrer to the declaration.

The declaration alleges in substance the following:

That plaintiff David Marsh, Jr., a colored boy 17 years of age, was employed on the farm of defendants at Cedar Springs Farm in Walker County, Georgia, where his duties consisted among other things of cutting hay with a tractor and pulling the hay bailer, riding a horse to check up and round up cattle and drive them to the barn to be fed; that he had been employed in such capacity since

some indefinite time preceding the 21st day of May, 1958, and that the accident occurred on August 11, 1958.

Further, he avers that his injury occurred on said date while he was performing his regular duties; that he dismounted from his horse, opened a gate and let the cattle through and then closed the gate and while he was in the act of "getting on said horse, * * *, or attempting to do so, the horse began to move off or to run fast, and one of the calves * * * suddenly ran through or between the front legs of said horse, tripping the horse, and/or the horse stumpled (sic) and the horse fell *causing* plaintiff to fall or to be thrown violently *off* the horse, and violently down on the rocky road, the plaintiff's body and person hitting this rocky road, the horse falling on the plaintiff's person, *causing* plaintiff's person to be seriously, etc. injured * *'.

By an amendment to the declaration he repeated in substance the description as above outlined of the way the accident occurred and in addition stated that he was attempting to drive approximately 25 head of cattle and 15 calves more or less, and that he was unable to handle the situation and could not control this calf nor prevent it from doing what it did.

The grounds of negligence alleged are as follows:

"1. They failed to furnish plaintiff a reasonably safe place to work.

"2. They then and there failed, and failed prior thereto to take any precaution or necessary or ordinary precautions to prevent said mishap and to prevent plaintiff from being injured and damaged as stated.

"3. The defendants required plaintiff to perform the hazardous duty of riding said horse, and the hazardous duty of driving up said cattle by himself, or attempting to do so with no other employee furnished him by them to keep or to help keep the said cattle from running between or through the legs of said horse.

"4. The defendants negligently allowed said road to remain in a rocky, unsafe and dangerous condition; and they failed to make this road reasonably safe for the plaintiff for the purpose for which it was used.

"5. The defendants, before plaintiff was thus injured, knew or by the exercise of ordinary care, should have known, and they should have anticipated that said horse would run fast as plaintiff was mounting her, and that said calf or one of the cattle would in all probability then and there run into or collide with said horse.

"6. The defendants, by the exercise of ordinary care, should have anticipated that said mishap would take place.

"7. The defendants failed to furnish the plaintiff with sufficient assistance, and defendants failed to furnish plaintiff with any assistance for the performance of said duty which was assigned to him to perform.

"8. The defendants failed to furnish plaintiff with a reasonably safe horse, or failed to furnish him some other animal, some other means that would have been reasonably safe in the performance of plaintiff's said duties.

"9. The defendants failed to give plaintiff such instructions, caution and warning as would have enabled him to comprehend the danger involved in the work.

The defendants failed to supervise the work or to have someone else to supervise the work while plaintiff was performing his duties.

"10. The negligence of the defendants evinced a conscious indifference upon their part relative to the consequences and a conscious indifference relative to the dangers involved in said work."

It is then alleged that the foregoing acts of negligence and omissions of legal duty of care on the part of the defendants, in one or more than one, was or were the proximate cause or causes of said mishap and injuries.

It will be observed that, even if we concede, arguendo, that the alleged or supposed negligence is well pleaded, the same may be summarized into 4 propositions: (1) that the defendants furnished plaintiff an unsafe place to work in that the road upon which plaintiff was riding had large rocks in it and that plaintiff's work required him to move too many cattle; (2) that the defendants furnished plaintiff an improper and insufficient work force to perform his duties; (3) that the defendants failed to instruct and warn plaintiff and failed to supervise the work; and (4) that defendants furnished the plaintiff an "unsafe horse".

■■ We do not think the general rule of law making it the duty of the master to exercise ordinary care to furnish the servant a safe place to work is applicable to this sort of situation with reference to the condition of the road; the working place was being constantly shifted as a result of the very labor the employee is performing, i.e., driving the cattle about the farm. *Duncan v. Dickie Rector Lumber Co.*, 31 Tenn.App. 155, 162, 212 S.W.2d 908, and a case cited therein; although Georgia law has not been

plead and, therefore, we will presume that the law of Georgia is the same as the law of Tennessee, the law of Georgia does seem to be the same as that of Tennessee as reflected by *Gray v. Hines,* 25 Ga.App. 794 104 S.E. 925, 926. Moreover, there is no allegation that this accident occurred at nighttime or during insufficient light, hence the condition of the road was just as obvious to the plaintiff as it was to the defendants or anybody else and according to the declaration, he had already been employed there for at least several months.

Again, so far as the question of a safe place to work is concerned and the question of the failure to furnish a "safe horse", there is no statement of fact in the declaration with reference to either the cattle or the horse that describes any vicious or unusual tendency on the part of either type of animal; the description of the horse as being unsafe is merely a conclusion of the pleader.

■ We see no point to be gained by further detailed discussion of the alleged grounds of negligence, however, because the proximate cause of this accident and injury, contrary to the conclusion of the pleader, is that an unruly or a frisky calf, as you choose, suddenly ran between the front legs of the horse causing him to fall, or causing him to stumble and fall, or the horse simply stumbled and fell.

The owners of this farm were not insurers and were liable only for the failure to exercise ordinary care under the circumstances. It cannot be said with any realism or confidence that if these defendants had exercised ordinary care, this accident would not have happened anyway. Certainly everyone who knows anything about horses knows that a horse will stumble just as people will stumble. Likewise, every country boy 17 years of age who has worked

with domestic cattle on a farm for even a few months knows that there is no way to anticipate the vagaries in the conduct of a calf.

Mr. Prosser in his work on Torts in the 1st Edition, p. 172, says:

"An unavoidable accident is an occurrence which was not intended, and which, under all the circumstances, could not have been foreseen or prevented by the exercise of reasonable precautions. No accident, of course, is entirely inevitable, so long as it results from a voluntary act. If the defendant rides a horse, which runs away with him and injures the plaintiff, the accident is not inevitable, since the defendant intended to ride the horse, and might have prevented it by keeping him in the barn. But the runaway is called 'unavoidable' if it did not result from the lack of proper care in the management of the horse. There is no liability in such a case, because the line must be drawn somewhere, and if the defendant is to be liable for riding the horse, it would be equally logical to hold him liable for owning it, or even for his own existence. To hold that he does every voluntary act at his peril, and must insure others against the consequences, would be an entirely unreasonable and intolerable burden upon all human activity."

Accordingly, the judgment below is affirmed.

On Petition to Rehear.

The petition to rehear raises no questions that were not considered in the original opinion and is respectfully overruled.