705 F.2d 821
 COLONIAL REFRIGERATED TRANSPORTATION, INC. and Excalibur
Insurance Company, Plaintiffs-Appellees,
v.
Kenneth WORSHAM d/b/a Worsham Trucking Company and
Christopher Worsham, Defendant-Third Party
Plaintiffs-Appellees,
v.
NORTH CAROLINA OCCIDENTAL FIRE AND CASUALTY COMPANY, Third
Party Defendant-Appellant.
 No. 81-5527.
 United States Court of Appeals,
Sixth Circuit.
 Argued Dec. 2, 1982.
Decided April 20, 1983.
 
 Roger T. May (argued), Thomas E. Schoenheit, Manier, White, Herod, Hollabaugh & Smith, Nashville, Tenn., for third party defendant-appellant.
 W.P. Ortale (argued), Ortale, Kelley, Herbert & Crawford, Nashville, Tenn., for defendant-third party plaintiffs-appellees.
 Before MARTIN and KRUPANSKY, Circuit Judges, and BROWN, Senior Circuit Judge.
 BAILEY BROWN, Senior Circuit Judge.
 
 
 1
 This is a diversity case in which Colonial Refrigerated Transportation, Inc. (Colonial), a trucking concern, and its liability insurance carrier, Excalibur Insurance Co. (Excalibur), seek to recover reimbursement from North Carolina Occidental Fire and Casualty Co. (Occidental) for the amounts that they paid in settlement of personal injury and death claims. The district court held that Colonial and Excalibur are entitled to reimbursement, and Occidental appealed. Although we affirm the judgment of the district court, we reach that result by a different route than that of the district court.I
 
 
 2
 Kenneth Worsham, defendant-third party plaintiff-appellee, owned a small California company doing business as Worsham Trucking Company (Worsham). Worsham did not have Interstate Commerce Commission authority to engage in interstate trucking, but he was able to haul interstate shipments for and under the authority of companies that possessed the proper permits. In March, 1977, Christopher Worsham, Kenneth's son, drove a load from California to Massachusetts. He arranged for a return load by entering into a trip lease, as authorized agent of Worsham, with Colonial, whereby Colonial leased the truck for the return trip and Worsham supplied Christopher Worsham as the driver who remained the employee of Worsham. The trip lease also provided that Worsham would idemnify Colonial against any claim arising from the operation of the vehicle.
 
 
 3
 Interstate Commerce Commission Regulations provided, inter alia, that a trip lease must include a provision that the authorized carrier-lessee (Colonial) "shall assume complete responsibility for the operation of the equipment for the duration of the lease." 49 C.F.R. Sec. 1057.12(d)(1).[1]
 
 
 4
 On March 29, 1977, in Wilson County, Tennessee, the truck driven by Christopher Worsham collided with a vehicle driven by George Wilson (Wilson). Wilson and one of his children were injured, and another child was killed.
 
 
 5
 Occidental, which had issued a liability policy to Worsham, took the position that Worsham was not covered because its policy excluded liability assumed by contract, and because, it contended, Worsham's liability to Colonial (and to Excalibur) was assumed by the indemnity provision in the trip lease. Consequently, Occidental obtained a reservation of rights agreement from Worsham.
 
 
 6
 In July, 1977, Colonial and its insurer, Excalibur, compromised and settled the Wilsons' claim for $97,185.00. Colonial paid $50,000.00, representing the amount of its deductible, and Excalibur paid the balance of $47,185.00.
 
 
 7
 In December, 1979, Colonial and Excalibur filed a complaint against Worsham and Christopher Worsham asserting a claim under the trip lease indemnity clause. Worsham and Christopher Worsham then filed a third party action against Occidental alleging that Occidental was liable to them under the liability insurance policy for any liability they might incur.
 
 
 8
 Occidental responded to the third party complaint by alleging two defenses which it claimed absolved it from all liability. First, Occidental contended that any liability imposed on Worsham because of the trip lease indemnity provision was liability assumed by contract and expressly excluded from Occidental's insurance coverage.[2] Second, Occidental contended that it was not liable because the insurance policy provided that no action would lie against it until after the insured's obligation to pay had been finally determined either by judgment against the insured after trial or by written agreement to which Occidental was a party.[3]
 
 
 9
 While both Kenneth and Christopher Worsham were insured (Christopher as an additional insured) under the Occidental policy, it is not contended that either were covered under Excalibur's policy insuring Colonial.
 
 
 10
 A jury trial was conducted in the district court in August, 1980. Worsham and Christopher Worsham were defended by their own counsel. The court found Christopher Worsham negligent as a matter of law, and the jury found that this negligence was the sole proximate cause of the Wilsons' injuries and that the settlement of the Wilsons' claims by Colonial and Excalibur was reasonable. Thereafter, the district court held, in a memorandum opinion, that Worsham was liable to Colonial and Excalibur under California's implied indemnity doctrine,[4] and that Occidental's insurance policy covered this liability. The court then granted Colonial and Excalibur a judgment against Worsham for $50,000.00 and $47,185.00, respectively, and granted Worsham a judgment over against Occidental for the total amount. Occidental timely filed this appeal, but Worsham did not appeal. The district court granted the motion of Colonial and Excalibur to participate in this appeal, and they have filed briefs and argued in support of Worsham's right to recover against Occidental.
 
 II
 
 11
 Occidental raises four arguments to support its claim that the district court erred in finding it liable to Worsham under its policy. First, it contends that the district court erred in applying an implied indemnity doctrine when, it contends, Colonial and Excalibur based their action solely upon the indemnity provision in the trip lease. The second contention is that the district court compounded its first error by applying California's implied indemnity law in determining Worsham's liability to Colonial and Excalibur. Third, Occidental argues that Colonial's and Excalibur's right to assert an implied indemnity claim against Worsham, being in subrogation to the Wilsons' rights, was barred by the one year limitations statute in Tennessee. Tenn.Code Ann. Sec. 28-3-104 (1980). Finally, Occidental contends that since Worsham's only liability to Colonial and Excalibur was assumed in the trip lease indemnity clause, the exclusion in the insurance policy for liability assumed by contract applied to preclude coverage.
 
 III
 
 12
 As stated, Occidental's first contention is that the district court erred in granting judgment to Colonial and Excalibur against Worsham on a theory of implied indemnity because, Occidental contends, the complaint against Worsham asserted a claim of indemnity only under the indemnity provision of the trip lease.
 
 
 13
 It is true that the complaint against Worsham does specifically assert and rely on the indemnity provision in the trip lease. It is also true, however, that the complaint contains allegations that, as will be seen, support a claim on the theory of implied indemnity or indemnity by operation of law. That is to say, the complaint alleges, stated succinctly, that Colonial was liable to the Wilsons only because of the Interstate Commerce Commission Regulation[5] and that the negligence of Christopher Worsham, as an employee of Worsham, was the sole proximate cause of the accident, injuries and death. Moreover, in the complaint, Colonial and Excalibur also seek indemnity from Christopher Worsham, yet he was not a party to the trip lease and therefore could not be liable to them under the indemnity provision in the trip lease. On the contrary, he could be liable to them only under a theory of implied indemnity.[6]
 
 
 14
 In the third party complaint, it was alleged that Christopher was not a party to the trip lease and its indemnity provision and further alleged that he was an additional insured under Occidental's policy.
 
 
 15
 We therefore disagree with Occidental that the district court could not, with these pleadings, validly grant a judgment against Worsham on a theory of implied indemnity simply because Colonial and Excalibur asserted a claim under the express indemnity provision in the trip lease.
 
 
 16
 The law in this area is well stated in Ogala Sioux Tribe of Indians v. Andrus, 603 F.2d 707 (8th Cir.1979) wherein the court said:
 
 
 17
 The function of an affirmative federal pleading, under Fed.R.Civ.P. 8(a)(2), is to give the opposing party fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved. 5 C. WRIGHT & A. MILLER, Federal Practice and Procedure Sec. 1215 at 108-110 (1969). The "theory of the pleadings" doctrine, under which a plaintiff must succeed on those theories that are pleaded or not at all, has been effectively abolished under the federal rules. Id. Sec. 1219 at 141-143. See also Bramlet v. Wilson, 495 F.2d 714, 716 (8th Cir.1974). Indeed, under Fed.R.Civ.P. 54(c), except in the case of default, the "final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings." As stated in C. WRIGHT & A. MILLER, supra, "[t]he federal rules, and the decisions construing them, evince a belief that when a party has a valid claim, he should recover on it regardless of his counsel's failure to perceive the true basis of the claim at the pleading stage, * * * " provided that such a shift in the thrust of the case does not work to the prejudice of the opposing party. Id. Sec. 1219 at 145 (footnote omitted). See Hail v. Heyman-Christiansen, Inc., 536 F.2d 908, 909 n. 2 (10th Cir.1976); Janke Constr. Co., Inc. v. Vulcan Materials Co., 527 F.2d 772, 776 (7th Cir.1976).
 
 
 18
 Id. at 714. See also Greene v. City of Memphis, 535 F.2d 976, 978 (6th Cir.1976), reversed on other grounds, 451 U.S. 100, 101 S.Ct. 1584, 67 L.Ed.2d 769 (1981).
 
 
 19
 Here, as will be seen, the complaint alleged facts that would support a claim on a theory of implied indemnity or indemnity by operation of law against Worsham and Christopher Worsham. Moreover, as also pointed out, the third party complaint contained allegations to the effect that Christopher Worsham, who was not a party to the trip lease, could be liable to indemnify Colonial and Excalibur and that, if such liability was determined, he was entitled to have the liability discharged by Occidental. Thus the district court's holding that Worsham was liable to Colonial and Excalibur on a theory of implied indemnity is adequately supported by the pleadings and, further, there was no surprise or unfair prejudice to Occidental in awarding judgment on such theory.
 
 
 20
 Occidental, in contending that the pleadings did not support the judgment granted on a theory of implied indemnity, relies on C.I.T. Corporation v. Janis, 418 F.2d 960 (6th Cir.1969). However, we interpret that case as holding that, in view of the history of the litigation and the positions that plaintiff had taken, not only was the judgment granted to plaintiff by the district court not supported by the pleadings but also that it was grossly unfair to defendant to grant a judgment on such theory.
 
 IV
 
 21
 Occidental contends that, in determining whether Colonial and Excalibur had an implied right of indemnity against Worsham, the district court erred in applying California law. We agree.
 
 
 22
 Since the district court sits in Tennessee, in this diversity case it must apply Tennessee substantive law including Tennessee conflict of laws. Klaxon v. Stentor Electric Manufacturing Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941).
 
 
 23
 In resolving this conflict of laws problem, the district court misconceived the issue presented. The district court mistakenly concluded that the law of California should apply since the Occidental insurance policy was a California contract. But the question whether Colonial and Excalibur had an implied indemnity right against Worsham is not determined by the interpretation and effect of the insurance policy issued to Worsham by Occidental. Rather, the question whether there is an implied indemnity right is determined by indemnity law irrespective of rights created by Occidental's insurance policy. Thus the law applicable to the interpretation and effect of this insurance policy is irrelevant to the question of the right of indemnity against Worsham.
 
 
 24
 Neither party to this litigation has cited any Tennessee conflict of laws authority on the question of what law applies to Colonial's and Excalibur's claim of an implied right of indemnity or indemnity by operation of law, and we have found none. We therefore assume that a Tennessee court would apply the general rule, that is, that the law of the place that the tort occurred would govern the right of Colonial and Excalibur to recover indemnity. 41 Am.Jur.2d, Indemnity, Sec. 5 at 690, citing, inter alia, Annotation, 95 A.L.R.2d 1105, Sec. 5. Since this accident occurred in Tennessee, we therefore conclude that the law of Tennessee applies.
 
 
 25
 Under the law of Tennessee, it is clear that Colonial, being liable to the Wilsons only because of the Interstate Commerce Commission Regulation, was entitled to indemnity by implied right, or by operation of law, from the negligent party, Christopher Worsham, and his employer, Worsham. (Excalibur, having paid part of the claim in behalf of Colonial, was to such extent, subrogated to Colonial's claim against Worsham.) In Southern Coal and Coke Co. v. Beech Grove Mining Co., 53 Tenn.App. 108, 381 S.W.2d 299 (Tenn.App.1964), it is stated at 302:
 
 
 26
 As a general rule, "a person who, in whole or in part, has discharged a duty which is owed by him but which as between himself and another should have been discharged by the other is entitled to indemnity from the other, unless the payor is barred by the wrongful nature of his conduct." Restatement of Restitution, Chap. 3, Sec. 76, p. 331.
 
 
 27
 The right to indemnity rests upon the principle that everyone is responsible for the consequences of his own wrong, and, if another person has been compelled to pay the damages which the wrongdoer should have paid, the latter becomes liable to the former. See L.E. Talcott & Sons, Inc. v. Aurora Corporation, 176 F.Supp. 783.
 
 
 28
 See also 41 Am.Jur.2d, Indemnity, Sec. 20 at 706.
 
 V
 
 29
 Occidental contends on appeal that Colonial's and Excalibur's claim against Worsham for indemnity was barred by Tennessee's one year statute of limitations applicable to personal injury and death claims (Tenn.Code Ann. Sec. 28-3-104) because, Occidental contends, Colonial and Excalibur were asserting a subrogation claim and in so asserting such claim, stepped into the shoes of the Wilsons. While it is difficult to conceive how Colonial and Excalibur can be said to have, by subrogation, asserted the Wilsons' claim against Worsham since their theory was clearly one of indemnity, we need not deal further with this contention because Worsham did not assert such defense in the district court. Moreover, although Occidental could have, as third party defendant, asserted this defense of statute of limitations, Rule 14(a), Fed.R.Civ.P., it did not do so. The district court, consequently, did not deal with such a defense. A defense based on a statute of limitations must be set forth affirmatively. Rule 8(c), Fed.R.Civ.P.
 
 VI
 
 30
 We come now to the question whether the exclusion in Occidental's policy applicable to "liability assumed by contract" excludes coverage here where a valid final judgment was rendered against Worsham on the basis of implied right of indemnity.
 
 
 31
 Preliminarily, although the point is not dealt with by the parties, we point out that this question of interpretation and application of the exclusion provision in the Occidental policy is governed by California law since the Occidental policy is a California contract. Carr v. American Universal Insurance Co., 341 F.2d 220 (6th Cir.1965) (applying Tennessee law). Since the parties did not recognize that the legal issue is one to be decided under California law, neither relies on California law. Accordingly, we will presume, as would a Tennessee court, that the law of California is the same as the law of Tennessee. Marsh v. Fowler, 207 Tenn. 377, 340 S.W.2d 881 (Tenn.1960). Finding no Tennessee authorities on the question of the application of this exclusion provision to the judgment obtained against Worsham, we look to the general law.
 
 
 32
 In 7 Am.Jur.2d, Automobile Insurance, Sec. 186 at 680, it is stated:
 
 
 33
 Automobile liability insurance policies frequently exclude liability assumed by the insured under a contract or agreement. However, such an exclusionary clause does not apply where the insured would be liable on tort principles irrespective of whether he has entered into a contractual agreement under which he also might be held liable as result of a given occurrence.
 
 
 34
 (Footnote omitted.)
 
 
 35
 Moreover, in 12 Couch on Insurance 2d (Rev. ed.) Sec. 44A:38, it is stated:
 
 
 36
 An exception as to a liability under a contract is operative only when the liability is based solely upon the contract. Conversely, where a contract stating liability is merely a restatement of the tort duty which would exist independently of the contract, the exception is deemed not operative.
 
 
 37
 Illustrative of the foregoing, it has been held that where the employee of a subcontractor engaged by the builder in the constructing of a manufacturing plant for a manufacturing company was injured because the builder negligently failed to provide proper safeguards, and such employee recovered judgment against the builder and also against the manufacturing company on the theory that such company had a nondelegable duty to the employee as an invitee on the premises, the fact that the construction contract required the builder to indemnify the manufacturing company for any loss because of injury to any person resulting from acts or omissions of the builder did not make the builder's liability one assumed by it under a contract or agreement within the exclusion of the builder's general liability policy, since the liability of the builder was one imposed by law within the policy coverage and not merely assumed by contract, and the liability of the insurer was not defeated by the fact that the judgment was obtained against both the builder and the manufacturing company and that the manufacturing company paid the judgment under threat of execution and thereafter withheld the amount of the judgment from payments due the builder under the building contract, and the builder could recover the amount of the judgment from the liability insurer.
 
 
 38
 (Footnotes omitted.)
 
 
 39
 As pointed out in United States Fidelity & Guaranty Co. v. Virginia Engineering Co., 213 F.2d 109 (4th Cir.1954), an excellent opinion authored by Chief Judge John J. Parker, where a claim is made against an insured based on the insured's negligence and the insured is also liable with respect to the claim because it has assumed liability therefor by contract, an exclusion in the insured's policy as to liability assumed by contract does not preclude coverage because the very purpose of the liability policy is to extend coverage as to claims based on negligence. As the opinion further states:
 
 
 40
 It is not reasonable to suppose that, when the insured was taking insurance to protect against liability imposed by law, it was intended to exclude coverage of claims for which the law imposed liability on the insured, merely because insured had agreed to protect another against secondary liability on account of such claims.
 
 
 41
 Id. at 112.
 
 
 42
 We therefore conclude that the judgment obtained by Colonial and Excalibur against Worsham is covered by the Occidental policy.
 
 
 43
 The judgment of the district court is therefore AFFIRMED.
 
 
 
 [1]
 There was no such provision in this trip lease. App. at 20. However, it is not contended that the Regulation did not impose liability on Colonial for the involved accident
 
 
 [2]
 The "Exclusion" section of Occidental's insurance policy states that the policy does not apply:
 * * *
 (b) under coverages A and B to liability assumed by the insured under any contract or agreement;
 * * *
 
 
 [3]
 Occidental, however, does not press this defense on appeal. In any event, as will be seen, Worsham's liability was finally determined by judgment after trial
 
 
 [4]
 The district court determined in its memorandum opinion:
 Under California law, Worsham is liable to the Wilsons for consequences of negligent conduct regardless of the indemnity clause. Implied indemnity, as [sic ] equitable doctrine often relied upon in California where a party by law must accept liability although not the wrongdoer in fact, flows from a contract relationship between the wrongdoer and that party.
 App. at 78.
 
 
 [5]
 It is not contended that Colonial was liable to the Wilsons on any basis other than pursuant to the Regulation
 
 
 [6]
 Since Christopher was an additional insured under the Occidental policy, the problem now being discussed would have been obviated if the district court had awarded Colonial and Excalibur a judgment against Christopher and had, consequently, awarded Christopher a judgment over against Occidental. But the district court did neither. Judgment was entered only against Worsham and judgment over was awarded only to Worsham. App. at 85