782 F.2d 1041
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
BOBBY M. DUNN, Plaintiff POLAR EXPRESS, INC., et al., Third
Party Plaintiffs-Appellants,
vs.
LESTER COGGINS TRUCKING, INC. Third Party Defendant-Appellee.
 84-6089
 United States Court of Appeals, Sixth Circuit.
 12/5/85
 
 Before: MARTIN and CONTIE, Circuit Judges; and and PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 On June 5, 1981, there was a collision on Interstate 40 near Lexington, Tennessee between two tractor-trailers. One truck was owned by Alley-Cassety Coal Company, Inc. and operated by Bobby Dunn. The other was owned by Polar Express, Inc. and operated by Monte McCracken. At the time of the accident, Lester Coggins Trucking, Inc. was leasing the Polar Express truck and its driver under a trip-lease agreement in order to transport goods from Lawrenceburg, Kentucky to Irving, Texas. Bobby Dunn was injured and the truck he was driving was damaged.
 
 
 2
 Bobby Dunn filed suit against McCracken and Polar Express for personal injuries in a Tennessee County Court. The case was subsequently removed to the United States District Court for the Middle District of Tennessee. Polar Express and McCracken filed a third-party complaint against Lester Coggins for indemnity from this personal injury claim. Lester Coggins filed a third-party counterclaim against Polar Express for indemnity on the $1,874.68 it paid Alley-Cassety for property damage. Because McCracken was negligently operating the vehicle, Polar Express settled the personal injury claim before trial for $65,000. This was stipulated by the parties to be a reasonable settlement.
 
 
 3
 The trip-lease agreement did not contain an express indemnity clause applicable to the situation. The sole issues before the district court, therefore, were whether Polar Express had an implied right to indemnification against Lester Coggins for $65,000, and whether Lester Coggins had an implied right to indemnification against Polar Express for $1,874.68.
 
 
 4
 Polar Express argued that applicable provisions of the Interstate Commerce Act and ICC regulations mandated a conclusion that the lessee of a tractor-trailer under a trip-lease agreement be held liable for damages resulting while the agreement were in force, absent an express provision to the contrary. Polar Express argued that there was not an express provision in the agreement for the lessor to be liable for damages resulting from negligence; rather, Polar Express had informed Lester Coggins via two letters that it would not be bound by hold harmless agreements entered into by an agent.
 
 
 5
 In a ruling from the bench, the district court held that this case was not controlled by ICC regulations and that common law controlled. The court reasoned that Polar Express, as the primary employer, was liable under the common law doctrine of respondeat superior for the acts of its employee, McCracken. Further, the court held that the letters in question did not constitute a contractual agreement. Rather, the subsequent trip-lease agreement could have been an acceptance by Lester Coggins of the letter's terms, were it not for evidence produced at trial regarding an 80% payment term. This evidence suggested that it is the custom and practice of the trucking industry for the lessor to purchase insurance when the lessee pays 80% of the gross revenues on the truckload shipment to the lessor. The court then held that Polar Express did not have a right to indemnification against Lester Coggins, and that Lester Coggins did not have a right to indemnification against Polar Express. Only Polar Express appealed.
 
 
 6
 On appeal, Polar Express raises the same arguments it raised in the district court, and in addition it argues that the district court erred in allowing the parole evidence concerning the 80% payment term. We affirm the district court on slightly different grounds. First, we note that the district court was correct in concluding that the letters sent by Polar Express to Lester Coggins could in no way be considered contracts in and of themselves. These were unilateral statements of intent. We note further, however, that the trip-lease agreement did not contain an express hold harmless agreement as forbidden by the letter; therefore, these letters have no significance at all in this case.
 
 
 7
 Absent an express indemnity provision holding either the lessor or the lessee liable in the case of negligence, we are of the opinion that the instant case is controlled by Colonial Refrigerated Transportation, Inc. v. Worsham, 705 F.2d 821 (6th Cir. 1983). In Colonial, this court is faced with essentially the same fact pattern: the lessee leased both a truck and a driver from the lessor and the driver was negligent, resulting in injury. The accident took place in Tennessee, as it did in the instant case.
 
 
 8
 Although the trip-lease agreement in Colonial contained an express indemnity agreement holding the lessor liable in the event its driver was negligent, the court did not decide the case based on that provision. Since the lessor's insurance company argued that it would not pay for the damages if the lessor had assumed liability under the contract provision, the court had to decide whether the ICC regulations precluded a lessor from being liable in the absence of an express agreement. The court held that the lessor could be and was liable under Tennessee common law, reasoning that
 
 
 9
 [u]nder the law of Tennessee, it is clear that Colonial, being liable to the Wilsons only because of the Interstate Commerce Commission Regulation, was entitled to indemnity by implied right, or by operation of law, from the negligent party . . . and his employer. . . .
 
 
 10
 Id. at 826. We can find no distinguishing facts between Colonial and the present case, and we therefore conclude that we are precluded from addressing the merits of the lessor's ICC arguments anew.
 
 
 11
 The decision of the district court is accordingly AFFIRMED.